## MARGARET E. DUNN vs. JAMES H. SANFORD.

A deed contained the following provision: "Reserving the right to open a highway two rods wide, the whole length of the east line; and if a public highway shall be laid out, all the rights of the grantor in said reserved highway are to pass to the grantee." Held, that the grantor had retained such an interest in the land reserved that he could dedicate it for a highway; and that his interest in the fee of the highway would pass to the grantee, when such highway was established in fact, whether by a dedication or by statutory proceedings.

[Argued December 4th,—decided December 27th, 1883.]

ACTION for trespass to land; brought to the Court of Common Pleas, and tried to the court before *Torrance, J.* Facts found and judgment rendered for the defendant. Appeal by the plaintiff. The case is sufficiently stated in the opinion.

*S. R. Hull*, for the appellant.

*G. A. Fay*, for the appellee.

LOOMIS, J.  The complaint is for trespass to land.  The locus had for several years been used for a highway.  The act constituting the alleged trespass was done by authority of the selectmen of the town, and consisted in removing a fence which the plaintiff had erected across this supposed highway.

The simple question is, whether a highway existed at the locus in quo.  The town in which it was located had, on the 28th of October, 1865, by vote formally accepted it as a highway, and since that time had repaired and cared for it, as in the case of other highways, but there was no survey or record to be found, so that on the trial the highway was claimed to exist by dedication only.

The plaintiff derived her title to the premises described in the complaint, on the 6th of September, 1865, from one Eli Butler, the previous owner.  The deed contained this provision:  "Reserving the right to open a highway, two rods wide, to run the whole length of said east line.  And if, at any future time, a public highway shall be laid out from the road running past the David R. Parker place, through to and intersecting with the North street in Hanover, all the rights of said Butler, in said reserved highway, shall revert to said Margaret E. Dunn."

Among other facts, the court finds that this reserved way "had been opened by Butler, and used by himself and all the public, who had occasion to use it, for more than one year before the giving of said deed;" and that "the way described in said deed has been used by the public as a public way, with the knowledge of the plaintiff, ever since the said land was conveyed to her in 1865;" and from these and many other facts detailed in the finding, the court finds that the plaintiff "intended to, and did dedicate this land to public use for a highway."  The court also finds that the way is of common convenience and necessity, and that during all the time (over seventeen years) it has been "a well-defined, well-known, and well-traveled highway," and that private rights had been acquired in the vicinity in reference to it.  So far, then, as

the nature and character of the way, and its exclusive use and acceptance by the public, and the conduct and perfect acquiescence of land-owners are concerned, a stronger case for implying a complete dedication could not well be found. Against this strong array of facts the plaintiff's reliance is almost entirely upon the state of her title. The argument in the plaintiff's behalf is that a dedication was legally impossible, for two reasons : first, that Butler, her grantor, after giving the deed to the plaintiff had no power to dedicate, because he was not the owner in fee ; and second, that the plaintiff, owing to the reservation in the deed, had no power to dedicate, because she had not entire control over the way until after the laying out of Cutler Avenue through to North Hanover street, and that this contemplated a laying out according to the statute." That is to say, Butler's deed to the plaintiff was effectual to pass from him the power to dedicate, but at the same time it was ineffectual to vest it in his grantee, the plaintiff.

It being conceded that there were no limitations affecting Butler's title prior to the deed, the power to dedicate must still have been either in him or his grantee, or in both together, and the case discloses sufficient knowledge, acts, and acquiescence on the part of either, or of both, to justify the finding of a highway by dedication.

In strictness, however, we think the effect of the reservation in Butler's deed to the plaintiff was to retain, within his own control, the power of dedication. He had the full right, in any way he chose, to open a highway two rods wide, to run the whole length of the east line. He could open the way by his own direct act, or by acquiescing in the act of the town and of the public. The case shows a complete dedication by his own direct act, and that followed by complete acquiescence in the appropriation of it by the public.

But here it may very naturally be suggested that the court found a dedication by the plaintiff, and omitted to find one by the act of Butler. If, however, there are facts made a part of the record which would have justified the

legal conclusion (and we think there were such facts), that a highway existed by virtue of Butler's dedication and the public acceptance of it, the plaintiff has no standing in this court to call our attention to an error, if one there was, on the part of the court below, in predicating the existence of the highway on her own dedication instead of Butler's. In either event the plaintiff was the wrong-doer in putting up the fence, not the defendant in pulling it down.

Our view of the case renders unnecessary any further construction of the deed to the plaintiff. We will, however, add that we think the plaintiff does injustice to herself when she insists that Butler's interest in the fee of the highway could pass to her only upon a formal statutory laying out of the way, and not if the same thing should be accomplished by his own act. On the contrary, we think that the language, construed with reference to the context and the circumstances, may fairly import a laying out in fact in any way whereby a highway at the place specified might become legally established.

There was no error in the judgment complained of.

In this opinion the other judges concurred.