CASE 93—PETITION EQUITY—Jan. 12.

# Beinlein, Etc. v. Johns, Etc.

APPEAL FROM JEFFERSON CIRCUIT COURT, CHANCERY DIVISION.

1. EASEMENTS—STATUTE OF FRAUDS—RESERVATION IN DEED IN FAVOR OF STRANGER.—While a reservation in a deed can not be to a person not a party to the deed, and if made is void; yet where in a deed a pass-way is reserved to a third person, and has been actually opened and in use for eight years, and there has been an actual conveyance of a valuable easement in consideration of the right of way supposed to have been thereby obtained, made a short time after the deed in which the reservation was made and with the knowledge of the parties thereto, it will be regarded as part performance of the parol contract under which the right of way was reserved, and as thereby taking the parol contract out of the statute of frauds.

2. EXCHANGE OF EASEMENTS—PRESUMPTION.—A right of way depending upon an oral agreement having been secured by the relinquishment of another right of way which was in fee and ap-

purtenant to one's lot, the presumption will be that the easement which he acquired was also in fee, and not merely for his life time.

3. STATUTORY CONSTRUCTION.—Under the provisions of section 2342 of the Kentucky Statutes that "unless a different purpose appear by express words, or necessary inference, every estate in land created by deed or will without words of inheritance shall be deemed a fee simple, or such other estate as the grantor or testator had power to dispose of," a right of way in fee simple may be reserved without the use of words of inheritance.

NEWTON G. ROGERS, FOR APPELLANTS.

1. Appellants were in full possession of the strip of land which they were using as a road and pass-way, and claiming the right to use the same, when the deed thereto was made from Kahlert to Johns, and the deed was therefore absolutely void.

2. Where the owner of an estate grants an easement therein to another by parol, and upon the faith thereof the other party expends money thereon, which will be lost and of no value if the right to enjoy the easement is revoked, equity will compel the owner to indemnify him on revoking the grant. Dillon v. Crook, 11 Bush, 221; Gibson v. Porter, 12 Ky. Law Rep., 917; Porter v. Barkley, 7 Ky. Law Rep., 747; Witt v. Jefferson, 13 Ky. Law Rep., 746.

WILLIAM FURLONG AND ALEX G. BARRET FOR APPELLEES.

1. An easement can not be created except by deed (or 'prescription), Kent. Comm., 402, 419. Hewlins v. Shippam, 5 B. & C., 221. Wood v. Ledbitter, 13 M. & W., 838. Morse v. Copeland, 2 Gray, 302.

2. Beinlein not having been a party to the deed relied on could acquire no present interest under it. Webb v. Holmes, 3 B. Mon., 404. Foster v. Shreve, 6 Bush, 519.

3. A reservation can only be to the grantor in the deed, not to a third person. Washburne, Easements, 34. Petition of Young, 11 R. I., 636. Hornbeck v. Westbrook, 9 Johns, 72; Borst v. Empie, 1 Seld, 34.

4. There being no words of limitation in the reservation it could not, if otherwise valid, have given Beinlein a right to extend beyond his life time. Devlin on Deeds, sec. 222; Claflin v. B. & A. R. R., 32 N. E. R. (Mass.), 659. Hornbeck v. Westbrook, 9 Johns, 72; Ashcraft v. Eastern R. R., 126 Mass., 196.

5. Easements are in the Statute of Frauds, and are not well created except by "writing signed by the party to be charged." Hall v.

McLeod, 2 Met., at p. 104; Dillon v. Crook, 11 Bush, 321; Barnes v. Beverly, 17 Ky. Law Rep., 586.

JUDGE DuRELLE DELIVERED THE OPINION OF THE COURT.

It appears from the pleadings that at the beginning of 1886 William R. Brown and the Savings Bank of Louisville, were the joint owners in fee of a tract of some 156 acres in Jefferson county, west of Louisville, fronting on the Ohio river. The Savings Bank having assigned to Stephen W. Jones, the property was divided into lots, as shown upon a plat on file in the case; and on February 25, 1886, Brown and wife, the Savings Bank and the assignee conveyed in fee to John G. Beinlein a lot numbered 9, which fronted on the Ohio river, and as this lot was completely cut off from any public road by the remaining lots composing the 156-acre tract and the lands of adjoining property holders, the grantee, in common with the owners of lots Nos. 6 and 8 on the plat, was given an outlet or roadway thirty feet wide, running in a southerly direction from the corner of lot No. 9, and between lots 6 and 8, and called road A. The appellants are the widow and heirs of Beinlein, who died in 1894.

On December 20, 1886, the same grantors conveyed to appellee Kahlert about thirty-six acres, being part of lot No. 6 before referred to, the deed containing this recital, after referring to the Beinlein tract: "An outlet or passway thirty feet wide, leading from Beinlein's northeast corner along the original Meriwether and Newman line * * * is reserved as an outlet for said Beinlein: also another outlet or passway thirty feet wide * * * is reserved as an outlet or passway for said Dienes and said Kahlert."

The Beinlein outlet referred to above will be called road B. The Dienes and Kahlert tracks had also been referred to.

It would seem that an agreement between the grantors and Beinlein had been reached in regard to the latter's outlet before the execution of this deed, for soon after its execution a deed was executed by Beinlein and wife to those grantors, reciting that the first parties, "for and in consideration of laying off and dedicating an avenue thirty feet wide from their northeast corner, along the original Meriwether and Newman line (describing road B), as described in a deed from second parties to A. Kahlert, dated December, 1886, by these presents do relinquish, grant and convey to the said second parties all their interest, right and title in and to a certain thirty-foot avenue (describing road A), said road or thirty foot avenue being included in the conveyance from said second parties to said first party, as evidenced by deed recorded in deed book 290, page 108, this thirty-foot avenue being of no further use to said Beinlein since the above-named avenue from Beinlein's northeast corner (road B) was laid out and dedicated to his use."

On September 21, 1892, Kahlert sold to appellee Hillerich—the deed being executed to Hillerich's daughter, Mrs. Johns—the northern part of the lot purchased by him, along the northern edge of which ran road B. Kahlert brought suit to enforce his lien for the note for the second deferred payment, and made the appellants parties defendant, stating that they claimed an interest in the property and calling on them to set up what interest, if any, they had. Hillerich answered, admitting the execution of the notes, stating

that the deed contained a covenant of good title to the entire
tract, including road B; averring that appellants claimed
a right of way over a strip thirty feet wide and extending
the whole length of the tract, and praying that if the court
adjudged said right of way to exist he should be allowed
a credit on the note for whatever land might be adjudged to
appellants, or whatever interest the court might hold them
entitled to.

Appellants by an answer and amended answer, counter-
claim and cross petition, allege the uncontroverted facts
before recited, that their deed relinquishing their right of
way over road A was executed for and in consideration that
Brown and Jones, as assignee, would lay off and dedicate
road B, and that the latter parties did lay off and dedicate the
said avenue thirty feet wide, but that Kahlert had conveyed a
part of his tract to Mrs. Johns, the daughter of Hillerich,
conveying by metes and bounds a tract embracing the
thirty-foot right of way, and these facts are pleaded as an
estoppel against the appellees. It was further alleged that
Beinlein used and exercised and remained in the full enjoy-
ment of the right of way over road B, as appurtenant to his
lot, until his death, but that the appellees were interfering
with the use of such right of way by the appellants.

A demurrer to the answer and cross petition was sustain-
ed, and a second amendment was filed, alleging, among other
things, that ever since December, 20, 1886, the date of the
deed to Kahlert, the appellants had an outlet and passage
way over the lands of Kahlert (road B), and that they had
not, at the time of the filing of this action, or before, an
outlet or passage way over or through any other lands ad-

joining their lands, except by road B, over the lands of Kahlert.

A motion to strike out this second amendment was sustained upon the ground that the words "or before" were contradictory of the averments of the original answer and the first amendment, which showed that they had once had an outlet via road A; and the court was of opinion that the remainder of the second amendment, after striking out these words, was demurrable, and, therefore, that the motion to strike out the whole amendment should prevail.

It is very earnestly insisted, and with great show of authority, that an easement can not be created except by deed or by prescription, which presumes a deed; that Beinlein not having been a party to the deed relied on (the deed to Kahlert) could take no present interest under it; that a reservation in a deed can only be to the grantor, and not to a third person; that there were no words of limitation in the reservation in the Kahlert deed, and, therefore, it could not, even if otherwise valid, have given Beinlein right of way beyond the term of his life, and that the statute of frauds applies to the creation of easements, and as Kahlert did not sign the deed he is not bound by the reservation.

It may be admitted that, at common law, a reservation in a deed "is always of a thing not in esse, but merely created or reserved out of the land or tenement demised (Co. Litt., 47a), and also that an easement being an interest in land, a parol contract creating it is invalid under the statute of frauds unless such a part performance is shown as to take it out of the statute." (Robinson v. Thraikill, 110 Ind., 117; Dillon v. Crook, 11 Bush, 321; Barnes v. Beverly, 17 Ky. Law Rep., 586.)

The common law doctrines was, that a reservation was equal to a grant (Seymour v. Courtenay, 5 Burr., 2814), and that it vested in a grantor a new right or interest not before existing in him (Ashcraft v. E. R. Co., 30 Am. R., 672). This being the original doctrine as to indentures, the reservation being construed as a countergrant by the grantee to the grantor in the deed, the same result followed in the case of a deed poll, as the acceptance of it was held to bind the grantee to the covenants contained therein. From this it resulted that the English doctrine, in accordance with the idea that the reservation of an easement is a grant, permitted an indenture by A and B granting lands to reserve to A, B and C a right of way over them (Wickham v. Hawker, 7 Mees. & W., 76). But in this country it is true that the old rule that the lessor can not reserve to another than himself, (Co. Litt., 47a) has been followed, and it has been held that a reservation must be to the grantor (Young's Petition, 11 R. I., 636). It may be freely conceded that it is the general rule in this country that a reservation can not be to a person not a party to the deed, and that such a reservation to a third person is void. (Hornbeck v. Westbrook, 9 Johns, 73.)

But in this case we have an averment of an actual opening and dedication of the passway, an actual user thereof for some eight years, and an actual conveyance of a valuable easement in consideration of the right of way supposed to be thereby obtained. Admitting—although it seems to us the English doctrine upon the subject is the more logical— that the reservation, to be effective, could only be to the grantor in the deed, nevertheless the reservation, though

Beinlein, etc. v. Johns, etc.

not capable of passing title to a third person, may be suf-
ficient to give notice of his claims (W. P. Iron Co. v. Ray-
mert, 45 N. Y., 707); and it seems to us that though the con-
sideration, viz., the execution of the deed by Beinlein and
wife to Brown, etc, relinquishing their rights over road A,
was executed about a month and a half after the deed to
Kahlert, it must be presumed, under the circumstances al-
leged in the answer and counterclaim as amended, that it
was part of one transaction, of which Kahlert had notice,
and such a part performance of the parol contract for a
right of way as took it out of the statute of frauds. .

Reservations of rights to open highways have been held
valid, and to retain in the grantor the power to dedicate
such highways to the public (Hart v. Conner, 25 Conn., 331;
Dunn v. Sanford, 51 Conn., 443). And it has been held that
the acceptance of a deed containing a reservation in favor
of a third person will preclude the grantee's interfering
with such third person's exercise of the right, although the
exception may not convey any right to the third person.
(Hodge v. Boothby, 48 Me., 68). Moreover, in one Kentucky
case (Gibson v. Porter, 12 Ky. Law Rep., 917) the English
doctrine appears to be recognized that an easement may be
created in favor of a stranger by reservation.

The remaining question necessary to the decision of this
case is the contention that there being no words of limita-
tion in the reservation, it could not, even if otherwise valid,
have given Beinlein a right extending beyond his lifetime.

Assuming that the right does not depend upon the deed
to Kahlert, but upon the agreement averred between Brown
*et al.*, and Beinlein, it being undoubtedly a fact that the ease-
[37]

ment which Beinlein relinquished as a consideration for the
easement to be obtained by him was an easement in fee,
appurtenant to his lot, the presumption would be that the
easement he then acquired was also in fee, all the circum-
stances being considered.    But if in fixing the duration of
the easement we are required to look to the words of de-
scription in the Kahlert deed, we find that where under a
statute technical words of inheritance are not necessary to
convey the fee, a right of way in fee may be reserved with-
out the use of the word "heirs" (Karmuller v. Krotz, 18
Iowa, 359).    And our statute (section 2342, Kentucky Stat-
utes) provides, under the title "Lands," that "unless a diff-
erent purpose appear, by express words or necessary infer-
ence, every estate in land created by deed or will, without
words of inheritance, shall be deemed a fee simple, or such
other estate as the grantor or testator had powers to dis-
pose of." And the greater weight of authority is that words
of inheritance are not necessary to the creation of an ease-
ment in fee. (Cardigan v. Armitage, 2 Barn. &c., 197;
Emerson v. Mooney, 50 N. H., 315; Babcock v. Latterner, 30
Minn., 417; Burr v. Mills, 21 Wend., 290.)

We concur in counsel's contention that the rule is that, in
order to give a right of way *ex necessitate*, the necessity
therefor must exist at the time of the grant.

Judgment reversed and cause remanded for further pro-
ceedings consistent with this opinion.