## HOSKINS v. WALKER et al.

Court of Appeals of Kentucky.

Feb. 20, 1953.

Wm. H. Smith and Troy D. Savage, Lexington, for appellant.

William B. Martin, Yancey, Martin & Ockerman and Tom R. Underwood, Jr., Lexington, for appellees.

MILLIKEN, Justice.

Appellees instituted this action under Section 639a–1 of the Civil Code of Practice, seeking a declaration of rights under a certain real estate sales contract. The chancellor adjudged that the appellant was legally bound to perform the contract. The controlling issue is whether a provision in a deed of 1889 authorizing forfeiture for breach of a covenant restricting the sale of alcoholic bevearges so affects the marketability of the title as to justify an intended purchaser's refusal to take the property.

The facts are undisputed. The appellees, Orin Walker, Ruth Walker and B. L. Walker listed their house and lot located at 500 West Third Street in Lexington, Kentucky, for sale with the L. H. Lewis Realty Agency. Subsequently Lewis advertised the property in a local newspaper and the appellant, William Hoskins, answered the advertisement. Lewis, while showing the property to the appellant, told him that the property was restricted against the sale of alcoholic beverages, to which the appellant replied that that made no difference to him because he did not plan to sell alcoholic beverages. The next day Hoskins, accompanied by his father, went to Lewis' office and made a counteroffer for the purchase of the property. That evening Lewis, after communicating the offer to the Walkers, presented a sales contract to Hoskins for his signature. The contract recited that the Walkers agree "to convey by delivery of a good and sufficient general warranty deed, a good merchantable title, free of all encumbrances, except as herein mentioned, * * *." No mention was made in the contract of any restrictions pertaining to the sale of alcoholic beverages. Hoskins signed the contract and shortly thereafter the Walkers signed.

Subsequently Hoskins employed an attorney to check the title to the property and found the following provision in a deed dated June 7, 1889:

"It is distinctly stipulated as a condition of this conveyance so far as lot number sixty is concerned that the property herein conveyed shall not nor any part thereof be used as a saloon, barroom, or place where ardent spirits, beer or wines are sold, and this condition is a covenant running with the land for the benefit of the grantor, her heirs and devisees, and for any violation of this covenant the land shall revert to said first party, her heirs or devisees."

Hoskins then notified the Walkers that he would not accept the property because of the forfeiture provision in that deed.

The distinction between a covenant and a condition subsequent is often important. A covenant, rather than a condition subsequent, is created by the grant of property for particular uses without words of forfeiture. The importance of the distinction between covenants and conditions subsequent in instruments relating to land is readily apparent in the event of a breach. A person who violates a covenant ordinarily responds in damages in an action at law, but if it is a restrictive covenant, he may be enjoined by equity. On the other hand, a breach of a condition subsequent may result in the forfeiture of the estate, although it does not ipso facto determine it. Some positive act of the grantor or his heirs— such as a re-entry claiming forfeiture—is necessary. Forfeitures are not favored by the law and are construed most strongly against the grantor. See 14 Am.Jur., Covenants, Conditions and Restrictions, § 3, page 480; 26 C.J.S., Deeds, § 157, page 495; Williams v. Johnson, 284 Ky. 23, 143 S.W. 2d 738, 135 A.L.R. 1131; Smith v. City of Kuttawa, 222 Ky. 569, 1 S.W.2d 979; Mercer-Lincoln Pine Knob Oil Co. v. Pruitt, 191 Ky. 207, 229 S.W. 374.

However, a vendee is not obligated to accept a title subject to a more onerous or different covenant than that specified in the contract, or where one is not mentioned at all. See 57 A.L.R. 1423, and Van Vliet & Place, Inc. v. Gaines, 249 N.Y. 106, 162 N.E. 600, 59 A.L.R. 682. As stated in 55 Am.Jur., Vendor and Purchaser, § 246, pages 702, 703:

"The obligation of the vendor in a contract for the sale of land to make a

good or marketable title free and clear of encumbrances entitles the vendee to a title free from any restrictions upon the use of the land which either at law or in equity would bind the land in his hands and affect his full enjoyment thereof. In the absence of anything to the contrary in the contract, any such restriction which lessens the value of the land for general purposes is regarded as a defect in the vendor's title, giving the purchaser the right to reject the title and depriving the vendor of the right to compel the purchaser to perform. * * *

"The improbability that facts may sometime arise to call into actual being the possibility of reverter, under an ancient covenant against certain uses will not create marketability in a title where it does not otherwise inhere. The contingencies enumerated in a covenant providing for reverter if the premises conveyed are used for a cemetery, slaughterhouse, manufactory of gunpowder, glue, varnish, vitriol, turpentine, a tannery, blacksmith shop, forge, or furnace, or any other occupation usually deemed unwholesome, noxious, or offensive, are not so improbable that they can be totally disregarded, or that the court can say as a matter of law that they are mere theoretical possibilities."

■ We conclude, therefore, that the possibility of reverter in the deed of 1889 affects the marketability of the property and justifies Hoskins in refusing to comply with the contract.

■ The record here shows that the Walkers had had a mortgage loan from a reputable lending agency, and it is conceivable that one could be obtained by Hoskins. While Hoskins was told that there was a restrictive covenant on the land and orally waived any objection to it, he was not told the restriction contained a forfeiture provision. There was no intent to mislead him, for neither the Walkers nor Lewis knew of it, but there is no doubt that Hoskins actually was misled in evalu-

ating the seriousness of the restriction. Because the forfeiture provision was not considered by the parties, we see no basis for reforming the contract, in effect, to cover it.

The case at bar focuses attention on a troublesome and growing problem in real estate law as to what steps, if any, should be taken to clear titles in situations like this, where an old express clause of forfeiture or reversion is involved. Several suggestions have been made which, while they do not do away with such conditions altogether, curtail them very sharply. We have no statutory provision in Kentucky which is helpful in a case like this, and the present proceeding is not an action to clear title. For the purpose of stimulating discussion by the bar and the possible drafting of remedial legislation, we cite a critical resumé of attempted solutions in other jurisdictions found in Section 2.8 of the American Law of Property, pages 105 to 109. Several states have statutes which limit the time within which a condition may work a forfeiture—thirty to fifty years, for example. In two states frivolous conditions—conditions which have no purpose other than to create an arbitrary right to enforce a forfeiture—are deemed void. As summarized in the American Law of Property, Section 2.8, at page 109:

"Despite the fact that there may be instances where the condition may be a useful and effective device, as, for example, in leases, where the right to re-enter may be used to protect the landlord against an objectionable tenant, the condition subsequent is outmoded insofar as freehold estates are concerned. For the reasons already adduced, therefore, it would seem that the present trend to restrict the effectiveness of conditions is highly desirable and that states still burdened by the harsh common law of conditions should be encouraged to adopt any one or more of the methods heretofore discussed which minimize the evil effects of conditions."

The judgment is reversed.