J.B. CAMENISCH, Jacqueline Camenisch, Annie L. Camenisch, Christian Camenisch, Johanna Camenisch, Marsha Camenisch, Robert Camenisch, Nancy Camenisch–Anderson, Elinor Camenisch Felts, Emily Camenisch Davis, Mark Davis, Elizabeth Camenisch Elliott, Mildred Camenisch Jordan; and Ronnie Jordan, Appellants,

v.

CITY OF STANFORD, Appellee.

No. 2002–CA–000962–MR.

Court of Appeals of Kentucky.

Aug. 29, 2003.

Discretionary Review Denied Aug. 18, 2004.

Shelby C. Kinkead, Jr., Lexington, KY, for appellants.

James W. Williams III, Stanford, KY, for appellee.

Before BUCKINGHAM, GUIDUGLI, and SCHRODER, Judges.

## OPINION

BUCKINGHAM, Judge.

The appellants herein, hereinafter referred to as "the Camenisches," appeal from a summary judgment rendered by the Lincoln Circuit Court in favor of the appellee, the City of Stanford. We vacate and remand for further proceedings.

Over 100 years ago, the property involved herein was a farm owned by E.T. and Emma Rochester. On May 10, 1892, the Rochesters conveyed by deed a portion of the farm to Howe Pump and Engine Company. The deed stated that part of its consideration was as follows:

> In further consideration of the conveyance and as part of the contract of sale and conveyance, the Grantee for itself and its successors and assigns, do hereby agree and covenant with Grantors to build and maintain at their own cost all fences necessary to enclose said parcel of land and said way, and as appurtenan (sic) to the land now owned and occupied by Grantors to supply the mansion house thereon with an adequate supply of water for all domestic purposes from the springs on the parcel conveyed and to supply the barn thereon with sufficient water for stock purposes and to furnish one hydrant at or near the gate of the yard and to supply also the said mansion house as an appurtenant thereto with four incandescent electric lights, the said supplies of water and light together with all necessary pipe wires and plumbing to be furnished free of cost to Grantors.

The portion of the deed relating to the obligation of Howe Pump and Engine Co. to supply water to the Rochester farm is the subject of this litigation. The Camenisches now own the Rochester farm, and the City of Stanford now owns the portion of the property deeded by the Rochesters to Howe Pump and Engine Co.

For more than 100 years, the City and its predecessors in title furnished water to the Camenisches and their predecessors in title. However, on July 1, 1996, the City ceased to supply water to the Camenisches' property. The Camenisches then initiated this litigation by filing a civil complaint against the City in the Lincoln Circuit Court.

The case was submitted to the circuit court for ruling on summary judgment motions filed by each party. The Camenisches asserted that they owned an easement for water rights in the City's spring pursuant to the clause in the deed. On the other hand, the City asserted that the deed created either a condition subsequent or a covenant but not an easement.

On May 1, 2002, the circuit court entered a summary judgment in favor of the City. Therein, the court acknowledged that the City and its predecessors in title had provided water at no charge to the Camenisch property. The court then observed that it was "called upon to determine the interest, if any, created in Camenisch' favor by the deed."

The court first determined that the deed did not create an easement. In support of this determination, the court concluded that it did not find a grant or reservation of an easement in the deed. The court stated that "[w]ords of grant or reservation are necessary to create an expressed easement."

The court then concluded that the deed language created a condition subsequent, "the happening of which would cause the estate to be defeated." The court concluded that the condition in the deed relating to water rights was a part of the consideration for the transfer of the property and that a breach of the condition would result in a reversion of the property to the Rochesters or their successors in title. However, the court held that the Camenisches' right of re-entry or reversion was now precluded because the Camenisches did not preserve such right in accordance with KRS[1] 381.221(1). That portion of the statute states as follows:

Every possibility of reverter and right of entry created prior to July 1, 1960, shall cease to be valid or enforceable at the expiration of thirty (30) years after the effective date of the instrument creating it, unless before July 1, 1965, a declaration of intention to preserve it is filed for record with the county clerk of the county in which the real property is located.

KRS 381.221(1). Having determined that the deed created a condition subsequent, the court stated that "there is no need for the Court to address the City's contention that only a personal covenant was created." This appeal by the Camenisches followed.

In order to determine whether the clause in the deed created an easement, a condition subsequent with right of re-entry or reversion, or a covenant, we must construe the language in the deed. Generally, rules of construction applicable to deeds are the same rules of construction applicable to contracts. *Monroe v. Rucker*, 310 Ky. 229, 220 S.W.2d 391 (1949). Such rules of construction are issues of law for the court to decide. *Fay E. Sams Money Purchase Pension Plan v. Jansen*, Ky.App., 3 S.W.3d 753, 757 (1999). Because an issue of law rather than an issue of fact is involved, we are not bound by the circuit court's decision and we will review the matter *de novo*. *Carroll v. Meredith*, Ky.App., 59 S.W.3d 484, 489 (2001).

First, we will examine whether the circuit court was correct in determining that the deed did not create an easement for water rights. The parties herein agreed that if an easement existed, it would be an easement by written grant or reservation rather than an easement by implication, prescription, or estoppel. The court held that words of grant or reservation were

---

1. Kentucky Revised Statutes.

necessary to create an express easement and that no such words were present in that part of the deed. Thus, the court held that the deed's language was not sufficient to create an easement by grant or reservation. Likewise, the City argues on appeal that the deed did not contain words creating an easement but contained only the words "agree and covenant." The City maintains that those words are not words of conveyance but are words of condition or covenant.

We agree with the circuit court and the City that the deed did not create an easement for water rights. In order to create an express easement, there must be a "written grant consistent with the formalities of a deed...." *Loid v, Kell,* Ky. App., 844 S.W.2d 428, 429–30 (1992). The language in the deed clause herein does not contain such words as "grant" or "reserve." Rather, the deed contains the words "agree" and "covenant." It is even more apparent that the parties did not intend to create an easement for water rights when an earlier clause in the deed concerning a right-of-way is considered. In that clause, the word "grant" was used to create a right-of-way easement.

Next, we examine whether the circuit court correctly decided that the deed created a condition subsequent with right of re-entry or reversion. As we have noted, the basis of the court's decision was that the deed would become void for failure of consideration if the grantee breached its responsibilities concerning water rights.

We disagree with the circuit court's conclusion that the deed created a condition subsequent with right of re-entry or reversion. There is an important distinction between a covenant and a condition subsequent. *Hoskins v. Walker,* Ky.,

255 S.W.2d 480, 481 (1953). "A covenant, rather than a condition subsequent, is created by the grant of property for particular uses without words of forfeiture." *Id.* While a person who violates a covenant ordinary responds in damages in an action at law, a breach of a condition subsequent may result in the forfeiture of the estate. *Id.* See also *County Bd. of Educ. for Jefferson Co. v. Mill Creek Methodist Church,* 242 Ky. 147, 45 S.W.2d 1026 (1932). In the case *sub judice,* there are no words of forfeiture employed in the deed clause relating to water rights. Therefore, the language creates merely a covenant rather than a condition subsequent.

Having determined that the deed created a covenant, we now turn to the City's argument that the covenant was a personal one between the grantor and the grantee in the 1892 deed and was not a covenant that ran with the land. This court determined the criteria for determining the nature of such a covenant in *Bishop v. Rueff,* Ky.App., 619 S.W.2d 718 (1981), *overruled in part on other grounds by Oliver v. Schultz,* Ky., 885 S.W.2d 699 (1994). Therein the court stated:

> The criteria for determining whether a covenant runs with the land or is merely personal between the grantor and the grantee include the intent of the parties, whether the covenant must affect or concern the land with which it runs, and whether privity of estate exists between the party claiming the benefit and the party who rests under the burden.

*Id.* at 720.

The City argues that the covenant in the deed does not run with the land but rather is a personal covenant. It maintains that it is apparent from the language in the deed that the covenant was to be binding

only on the grantors (the Rochesters) and not on their successors or assigns. The City notes that the covenant bound the grantee (Howe Pump and Engine Co.) "for itself and its successors and assigns" but did not contain similar language applicable to the grantors. Further, the City notes that "[t]he customary method of creating such a covenant is to bind the grantor's assigns." *Salisbury v. Columbian Fuel Corp.*, Ky., 387 S.W.2d 864, 866 (1965).

We nevertheless conclude that the covenant ran with the land and was more than a personal covenant. First and foremost, the deed clause stated that the covenant to supply water was "as appurtenan (sic) to the land." [2] Second, although the customary way of creating a covenant running with the land may be to use words of inheritance, such as "successors and assigns," the use of those words is not mandatory for the creation of such a covenant. KRS 381.060(1) states that "[u]nless a different purpose appears by express words or necessary inference, every estate in land created by deed or will, without words of inheritance, shall be deemed a fee simple or such other estate as the grantor or testator had power to dispose of." *See also Beinlein v. Johns*, 102 Ky. 570, 44 S.W. 128 (1898). In short, we conclude that the covenant to supply water in the 1892 deed runs with the land.

Although we have stated our disagreement with the circuit court's conclusion that the deed created a condition subsequent, we must also address the second portion of the court's opinion. Therein, the court held that the Camenisches were estopped from asserting any argument concerning the deed clause other than it created a condition subsequent. Noting that the Camenisches filed a circuit court action in December 1965 seeking a reversion of the property because free electric lights were no longer being furnished, the court determined that the Camenisches always, until the filing of this litigation in August 1996, asserted that a reversion of the property would occur if the conditions were not met. The court stated that the City furnished free water to Camenisch property "under threat of reversion voiced through their ancestors and their attorneys." Thus, the court held that the Camenisches were estopped to change their position because the City "has relied to its detriment."

An essential element of any estoppel is that the other party relied on the conduct to his detriment. *See Gray v. Jackson Purchase Prod. Credit Ass'n*, Ky. App., 691 S.W.2d 904, 906 (1985). Although the Camenisches sought free water and free electric lights and threatened to exercise the right of reversion of the property should the City fail to provide those things, and although the City furnished free water to the Camenisch property until August 1996, there is simply no evidence or argument that the City relied to its detriment in doing so. Regardless of whether the City was required to provide free water pursuant to a deed clause that contained a condition subsequent with right of re-entry or reversion or a covenant running with the land, the City was still obligated to provide free water. Therefore, it could not have relied on the representations of the Camenisches to its detriment. Also, the City was free to interpret the deed clause on its own, free of

---

**2.** *See also* 20 Am.Jur.2d *Covenants, Conditions, and Restrictions* § 27 (1995)("covenants to supply or furnish water for use on the premises are covenants that run with the land").

any interpretation or representation by the Camenisches. In short, we conclude that the circuit court erred in holding that the Camenisches were estopped to raise any argument other than that the clause was a condition subsequent with right of re-entry or reversion.

Finally, the City argues that, in the event this court determines that the deed clause was an easement or a covenant running with the land, it "has other defenses to same such as unconscionability, public policy, estoppel, etc. which must be considered by the trial court." The circuit court in this case addressed only the nature of the deed clause. It did so pursuant to a summary judgment motion, and it did not address the availability of other defenses. We are unaware of the facts and arguments that the City might have concerning these defenses; therefore, we conclude that it is best to remand this matter to the circuit court for additional determinations. In short, summary judgment in favor of the Camenisches would not have been appropriate without these issues having been addressed.

The judgment of the Lincoln Circuit Court is vacated, and the case is remanded for further proceedings.

ALL CONCUR.