## Jennett, et al. v. Sherrill and Wife.

(Decided October 28, 1924.)

### Appeal from Simpson Circuit Court.

1.  Frauds, Statute of—Change of Passway Cannot be Verbal.—Verbal agreement to change passway, created by deeds, to new location is unenforceable under statute of frauds.
2.  Easements—Temporary Nonuser Does Not Constitute Abandonment of Passway.—Temporary nonuser of old passway and user of new passway for two or three years will not constitute abandonment of old passway, though new passway would render both parcels of land more valuable, where no rights have been acquired rendering it inequitable to reopen old passway.

C. E. EVANS and JOHN S. MILLIKEN for appellants.

WHITESIDE & BRADSHAW for appellees.

OPINION OF THE COURT BY JUDGE McCANDLESS—Reversing.

After the death of Mrs. Sarah Horne in 1904, her farm was divided among her four children. In the division, lots one and four faced the Springfield road to the north, lot number one being on the eastern side of the division line; lot number two lay immediately south of lot number one; lot number three was south of lot number four and west of lot number two.

In the deeds to lots one, two and three, a right of way was reserved for the benefit of lot number three. It ran from the northwest corner of lot number three on the north end of lot number two along the line of lot number one, and thence out to the Springfield road. The owner of lot number one afterwards purchased lot number two and conveyed both to one Cline, making a reservation of the right of way in his deed. Subsequently, in 1919, Cline conveyed the same to appellee, Sherrill, with the same reservation in the deed.

In the division, lot number three was allotted to Mrs. Martha Jennett, who died thereafter, leaving her husband and several children surviving her. The passway as described in the deeds remained open and in use until the year 1919; at that time Cline, who was then the owner of lots one and two, and J. H. Jennett, surviving husband of Martha Jennett, for their mutual convenience made an oral agreement to the effect that the passway instead of running the full length of the north end of lot number two, and thence along the line of lot number one to the turnpike, should turn across lot number one to the north at a short distance from the northwest corner of lot number three. Thereupon Cline put some wire across the outlet of the old passway at the Springfield road and some poles at the line between lots one and two, and thereafter the new passway was used by travelers on horseback and in vehicles, though school children continued to use the old one.

After Sherrill's purchase a misunderstanding arose between him and Jennett as to the maintenance of the new passway, and Jennett demanded that the old passway be opened for travel. Sherrill refused, and thereupon Jennett, in behalf of himself and for his infant children, who sued in his name as guardian, brought this action for a removal of the obstruction and the opening of the old passway. The lower court dismissed the petition at plaintiff's cost, and this appeal results.

It is claimed for the appellees that the new passway is advantageous to both tracts of land and that to open the old one would damage each farm several hundred dollars; that not only is the new road shorter, but it is on a better grade and more easily maintained than the old one. He also claims that the new passway was open at the time of his purchase, and that he knew nothing of the old passway, and intimates that this action of Jennett is intended to require him to pay some money to retain the new passway. He admits, however, that he accepted the deed with the reservation of the old passway in it; and Cline testifies that he told him at the time of the sale that while the road ran as now located, that Mr. Jennet had a right to the other way, and that he could not sell him something he did not own.

The evidence as a whole indicates that the arrangement between Cline and Jennett was for their mutual convenience and intended to be temporary in character and not a final abandonment of the old passway. However

that may be, it was merely verbal and therefore unenforceable under the statute of frauds. Butt v. Napier, 14 Bush 39, is relied upon by appellees, but it in no way conflicts with this view.

In that case while the agreement for a change of passway was verbal, it was acquiesced in and used under a claim of right for twenty-five years, and it was held that such user would raise a presumption of grant. Nor can it be said that, under a verbal agreement for a change in a passway, a temporary nonuser of the old passway for two or three years will constitute an abandonment thereof. Johnson v. Clark, 22 L. R. 419; Faulker v. Duff, 14 L. R. 227; Jones on Easements, sections 852 and 863; Boyd v. Morris, 32 L. R. 645.

None of the elements of an estoppel apply in this case as the parties may be placed *in statu quo* without loss to either.

In saying this we have not overlooked the fact that appellee has introduced proof tending to show that each farm would be more valuable if the present passway was retained, but that is not a test. The question is whether by reason of the temporary nonuser of the old road, rights have been acquired that would render its opening inequitable. This does not appear. No rights, valuable or otherwise, have been established by the temporary nonuser of the old passway, and if opened the rights of the parties would be the same as if it had remained open all the time. The appellee had full notice of this at the time he accepted the deed, and if he did not read that instrument he cannot complain. At least that is a matter between him and his vendor, and it in nowise affects the appellants.

Wherefore, the judgment is reversed and cause remanded for proceedings consistent with this opinion.