## Standard Elkhorn Coal Company, et al. v. Moore, et al.

(Decided December 17, 1926.)

### Appeal from Floyd Circuit Court.

1. Easements—Right of Way is Implied in Favor of Grantee, Where Grantor Owns Land Between Highway and Land Granted.—Where tract of land is conveyed which is separated from highway by other lands of grantor, there arises by implication in favor of grantee a way of necessity across premises of grantor to highway.

2. Easements—Grantee, Having Available Less Convenient Outlet Over Own Land, Cannot Claim Right Over Grantor's Land.—If grantee has outlet over his own land, although less convenient, he cannot claim right of way of necessity over land of grantor.

3. Easements—Evidence of Necessity or Agreement for Passway Across Coal Company's Tracks Held Not to Present Jury Question.—Overruling of motion of defendant coal company, in controversy over passway across its right of way, held error; there being no evidence that plaintiffs had no other means of access to

their lot or as to whether any buildings were erected on lot before right of way was conveyed.

A. J. MAY and KIRK & WELLS for appellants.

C. B. WHEELER for appellees.

OPINION OF THE COURT BY JUDGE REES—Reversing.

This case involves a controversy over a passway across the right of way of the appellant, C. & O. Railway Company, successor of the Elkhorn Beaver Valley Railway Company.

Zella Estep and William Estep, her husband, owned a tract of bottom land in Floyd county extending from the south fork of Beaver creek to a county road. Stone Coal creek flows through this tract of land and empties into the right fork of Beaver creek. In 1909 Zella Estep and William Estep conveyed to William Huff all the land owned by them lying east of Stone Coal creek. On August 26, 1910, they conveyed to Huff one acre of land located at the junction of Stone Coal creek and the right fork of Beaver creek and adjoining on the west the tract theretofore conveyed to him. From this one-acre tract to the county road was a distance of about 300 feet, the intervening land being owned by the Esteps. On December 14, 1911, Zella Estep and William Estep conveyed to the Elkhorn Beaver Valley Railway Company a right of way through the tract of land then owned by them. This right of way was located about 75 feet north of the one-acre tract sold to Huff and between it and the county road.

This deed provided that the railway company should furnish one grade crossing near the public road, and which was established near the home where Zella Estep and William Estep lived and about 300 feet west of the one-acre tract sold to Huff. The railway company constructed its road on this right of way in 1912. On January 30, 1912, William Huff conveyed to the railway company a right of way through a tract of land located on the east side of Stone Coal creek. On October 26, 1916, William Huff conveyed to the appellees the one-acre tract located on the west side of Stone Coal creek and on which had been erected a residence and store building. It appears that Huff, and later appellees, in going from this tract of land to the county road crossed

over the railroad right of way immediately in front of the lot and then proceeded along and over the right of way a distance of 300 feet. In 1922 appellants constructed a side track on this right of way and in front of appellees' property, and thereafter appellees brought this action for damages, claiming that appellants had obstructed their passway by raising the grade for the side track above the level of the ground on either side and by permitting freight cars to stand thereon for long periods of time. Appellants answered, denying the existence of the passway. The trial resulted in a verdict and judgment for $200.00 in favor of appellees.

The deed from Zella Estep and William Estep to William Huff to the one-acre lot conveyed no passway through the remaining lands of the grantors.

It is appellees' contention that there was no other outlet to the county road than over the grantors' land and that the passway in controversy originated from an implied reservation in the deed to Huff. They further claim that after the deed was executed William Estep and William Huff agreed on the location of the passway at the point in controversy.

Where a tract of land is conveyed which is separated from the highway by other lands of the grantor there arises by implication in favor of the grantee a way of necessity across the premises of the grantor to the highway, the presumption of a grant arising from the circumstances of the case. The presumption, however, is one of fact, and whether or not the grant is to be implied in a given case depends upon the facts in that case. If the grantee has an outlet over his own land, although less convenient, he can not claim a right over the land of the grantor.

The lot now owned by appellees at the time it was conveyed to William Huff adjoined land then owned by Huff. It is not shown there was no means of access from this lot to the adjoining land of Huff, and if there was Huff was entitled to no passway over other lands of Estep by way of necessity. Furthermore, appellees failed to prove that Huff and Estep agreed to locate a passway at the point in controversy. Huff did not testify, and William Estep, when asked if he and Huff had entered into any agreement by which the passway was located, answered that he and Moore, one of the appellees, had erected part of the fence out to the crossing.

He at no time testified as to any agreement between him and Huff and no agreement between him and appellees would be binding on appellants.

The evidence fails to disclose whether any buildings were erected on the lot now owned by appellees before Zella Estep and William Estep conveyed the right of way to the railway company, and also to what extent the passway had been used at that time. Under the state of facts disclosed by the record the trial court erred in overruling appellants' motion for a directed verdict, and on another trial, if the evidence is substantially the same, such a motion should be sustained.

The appeal is granted, judgment reversed and cause remanded for further proceedings consistent herewith.