### Jennings v. Dunn et al.

(Decided Dec. 15, 1933.)

C. C. BAGBY for appellant.

L. L. WALKER for appellees.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming.

This is a passway case in which the appellant, defendant below, was enjoined from obstructing with a fence a passway claimed by the appellees.

The record is voluminous, and has been carefully read. It would serve no useful purpose to set out the evidence at length. The case is mainly one of fact. The claimed passway runs between the farms of the appellant and the appellee Hamilton from Buena Vista pike to where the Jennings and Hamilton farms cease to adjoin, and then over the Hamilton farm to that of the appellee Dunn. There is not the slightest doubt but that this passway existed for many, many years and was one of right to the Hamilton and Dunn farms. There is not the slightest doubt but that this passway is the only passway as of right that the Dunn farm has to reach the highway. There is not the slightest doubt but that the appellant has obstructed this passway. As there is no claim to a right to close up the passway based on adverse possession of it on the part of the appellant for a period sufficient to create a prescriptive right to obstruct the passway, the only real question involved in this case is whether or not the passway has ever been abandoned by the Dunns and the Hamiltons.

The evidence discloses that the passway in question was fenced on the Jennings side up to within three or four years ago, when Mrs. Jennings' son procured permission of the Hamiltons to remove the fence in order to cultivate the fence row and to clear out the rubbish which had accumulated. Thereafter, when Mrs. Jennings rebuilt her fence, she built it in the old passway, putting the fence on her line, which ran down the middle of the passway. There is evidence, not denied, that this passway has been used at least sporadically up to within three or four years ago. It is true that on account of a pond which was formerly on Mrs. Jennings' land, but which has overflowed into the passway, and on

account of briars and bushes which have grown up in the passway, detours outside the limits of the passway had to be made. Yet, in the main, the travel from the Buena Vista pike to the Dunn farm which was made was done over the passway. Now it so happened that for a number of years prior to the institution of this litigation a relative of Miss Dunn owned a farm adjacent to hers. It was much easier to go from Miss Dunn's farm to the highway over the farm of her relative, and she had permissive use to do so. It was perhaps for this reason that Miss Dunn did not for quite a while use the passway in question herself and allowed it to become overgrown with briars and bushes, and perhaps even small trees. But, under the facts and circumstances above outlined, this nonuser of the passway by Miss Dunn did not amount to an abandonment of it. In order to constitute an abandonment of a passway, there must not only be nonuser, but also an intention to abandon, and such intention to abandon must be made to plainly appear. Barton v. Jarvis, 218 Ky. 239, 291 S. W. 38, Bowen v. Cooper, 66 S. W. 601, 23 Ky. Law Rep. 2065. See, also, Jennett v. Sherrill, 205 Ky. 307, 265 S. W. 781. Although there was some evidence mostly based on nonuser from which the chancellor could have inferred such intention on the part of Miss Dunn, there was ample evidence to sustain his finding that there was no such intention. Her nonuser of the passway was explained by her permissive use of her relative's farm. The very fact that she stipulated, in granting to the owner of a nearby hydroelectric plant the right to flood a small portion of the right of way near her gate and not on the Jennings' land, that such right was conditioned on the company erecting a bridge for her over such flooded portion, indicates that she still intended to use the passway and to claim it as her own. She promptly objected when the appellant obstructed the passway. Inasmuch as this was the only passway which Miss Dunn had of right to get to the public highway, evidence of her intention to abandon it ought to be made very clear, and such was not done here.

The judgment is affirmed.