## Swinney v. Haynes et al.

February 9, 1951.

E. D. Stephenson, Judge.

Francis M. Burke for appellant.

Jean L. Auxier for appellees.

JUDGE STEWART—Affirming.

Little Grassy Creek in Pike County flows into Grassy Creek; the latter empties into Russell Fork, a tributary

of the Big Sandy River. John Swinney owns a tract of land at the mouth of Little Grassy Creek. Then, ascending this small stream, appellant, Landon Swinney, and his wife, Elsie Swinney, have title to 35 acres, more or less, bought by them from Causby Swinney (a widow) on July 26, 1947. Adjoining this last tract and above it is the land of appellees, Clinard Haynes, Marcus Coleman and Clell Haynes, of 65 acres, more or less, purchased by them from Causby Swinney on July 17, 1948. Tildon Swinney once owned all of the property along Little Grassy Creek, out of which the tracts of appellant and his wife and appellees were carved. Other farms, once within the boundary of the original Tildon Swinney tract, lie farther up Little Grassy Creek. Appellant's wife did not join him in his appeal, and we shall refer to their land as if it were solely appellant's for the sake of brevity.

The mountain closes in steeply on each side of Little Grassy Creek, with little or no bottom land along either side of it. The evidence is uncontradicted, it seems to us, that a road or passway, along this creek and often in the bed of it, has existed for more than 30 years, beginning at the mouth of the stream and leading to the head of it. Where this road ends on the mountain slope a foot path begins and crosses over the mountain to the right fork of Beaver Creek on the other side. It is also a well-established fact that, for about the same number of years there has been a road up the creek, a gate has been located in a fence across the road on the lower line of the Landon Swinney land and drawbars have been maintained in a fence across the road in the upper line of appellant's property, that is, on the boundary line between the land of appellant and appellees.

The road along Little Grassy Creek, which also traverses the land of appellant, is the only means of ingress and egress appellees have to and from their property and the outside world. At the mouth of the creek it connects with a main highway leading on to Elkhorn City, Kentucky.

Soon after appellees acquired their property, Landon Swinney, forbade their use of the road along Little Grassy Creek, except to travel it on foot. There is evidence that Swinney threatened violence if any of appellees attempted to travel it with a vehicle. Appellees filed

this suit in equity, seeking a temporary restraining order and a permanent injunction against appellant to prevent him from obstructing and interfering with their use of the road as a public passway for vehicles and other traffic. They also pray for a recovery of $2400 against appellant for damages occasioned by his acts in wrongfully excluding them from the road.

The circuit court clerk granted a temporary restraining order against Landon, enjoining him from obstructing vehicular and other traffic over the road. By amended answer, Elsie Landon was made a party defendant below, as a joint owner with her husband, Landon Swinney, of the land in controversy, but, for some reason, she is not a party to this appeal. After an oral hearing on appellant's motion to dissolve the restraining order, the case was submitted for a final judgment.

The Chancellor adjudged that a passway or road had existed, which had been used by the people owning land on Little Grassy Creek, including appellant and appellees, for more than 30 years prior to the institution of this litigation and to the time appellees had bought their land; that this road, which has been used by the public, extended from the mouth of Little Grassy Creek, where it connected with a main highway, on to the head of Little Grassy Creek, then across the mountain to the right fork of Beaver Creek; and that, as between appellant and appellees, both of whom were grantees of a common grantor, there was an implied grant of a reasonable road through their land of sufficient width to accommodate wagons, cars and trucks. The Chancellor then decreed that a road be established through the property of appellant and appellees as nearly as possible over the course of the old road and that it be wide enough for wagons, trucks and other vehicles to travel over. Appellees were charged with maintaining at their expense the drawbars located on the dividing line between them and appellant, and appellant was directed to keep up at his cost the gate below him and nearer the mouth of Little Grassy Creek.

Appellant was enjoined from interfering with appellees in the use of the road. The judgment had in it a stipulation of an interlocutory nature, which stated that appellant and appellees, or their heirs and assigns, could

apply to the Chancellor in the future for a modification of it, should such be necessary. Later, the Chancellor, acting under this provision, reaffirmed the passway to be a public road and changed the course of the road, as appellant had added a new room to his house, which extended over a portion of it.

On this appeal, appellant contends that, although there had been a road along Little Grassy Creek for thirty or more years, it was used by Tildon Swinney, the original owner of all the land along Little Grassy Creek over which the road ran, and by those having business with him, and occasionally by members of the public, but that its travel by the public fell far short of what was necessary to show a prescriptive right to the passway. Since its enjoyment by those who traveled it had been at all times permissive, he could close it at will.

We are of the opinion that appellant's contention as to his unrestricted right to control all travel on the road cannot be upheld by this Court. It is the settled rule of law of this state that, on the conveyance of one of several parcels of land belonging to the same owner, there is an implied grant or reservation, as the case may be, of all apparent and continuous easements which may have been created or used by him during the unity of possession, though, before severance of his entire title, they could have had no legal existence apart from his general ownership. Irvine v. McCreary, 108 Ky. 495, 56 S. W. 966, 49 L. R. A. 417; Lebus v. Boston, 107 Ky. 98, 51 S. W. 609, 52 S. W. 956, 47 L. R. A. 79; Powers v. Ward, 200 Ky. 478, 255 S. W. 105, 34 A. L. R. 230.

In Hedges v. Stucker, 237 Ky. 351, 35 S. W. 2d 539, 540, a passway of many years' use was created by a common grantor over land later conveyed by him to Hedges, as to one part, and to Stucker, as to the other part. Neither of their deeds made any mention of a passway, but when Stucker attempted to obstruct Hedges' use of the easement, this court, denying his right to do so, stated that the following law governed such a set of facts, namely: "The authorities are agreed, and such is the rule in this state, that where the owner of an entire tract of land, or of two or more adjoining parcels, employs a part thereof so that one derives from the other a benefit or advantage of a continuous and apparent nature, and sells the one in favor of which such contin-

uous and apparent quasi easement exists, such easement, being necessary to the reasonable enjoyment of the property granted, will pass to the grantee by implication.''

Assuming, however, that appellees have an easement over the land of appellant by implied grant, the next question is whether the Chancellor erred in adjudging that the passway is a public road. There is some conflict in the testimony, as is not unusual in litigation of this character, but the weight of the evidence gleaned from disinterested witnesses who testified herein is to the effect that, for a period of 30 years or more, people have traveled the road along Little Grassy Creek without hindrance. Years back, logs and cross ties, and, later, coal, were transported out of the mountain over it. Everyone would traverse its whole length at will without asking permission from the land owners. No one had ever objected to general travel over it until appellant acquired his land in 1947 over which the road ran. Then he, if we follow his testimony, sought to limit the travel over it to pedestrians. True enough, few persons used it, since one had to go over the mountain from the head of Little Grassy Creek to reach the right fork of Beaver Creek. It has been unimproved all along and it floods during the rainy season.

We believe the facts in the instant case are very similar to those in Smith v. Pennington, 122 Ky. 355, 91 S. W. 730, 732, 28 Ky. Law Rep. 1282, 8 L. R. A., N. S., 149. Smith purchased uninclosed land over which a passway ran that Pennington and others had used for 40 years. Smith fenced the land but put up gates at the passway on both of his outside lines. Appellees in this case continued to use the road unmolested for 16 years, going through the gates at will, neither asking nor receiving permission to do so. Then appellees undertook to close the passway by placing a fence at the gates, being induced to do so because of the frequency with which the gates were left open. The lower court adjudged that appellees had acquired the right to use the road by adverse possession, and ordered the road opened and the gates removed. On an appeal, this Court decided it was reversible error to require Smith to remove his gates, but held that the continuous use of the passway by Pennington and others for more than 15 years had ripened into a dedication or grant of a passway over

his land that Smith could not revoke. This opinion further held that "* * * if the use has extended over a long period of years, very slight evidence will be sufficient to show that it was enjoyed under a claim of right, and when the proprietor undertakes to close the passway the burden is on him to show that the use was merely permissive, and to explain away the presumption that its uninterrupted enjoyment for more than 15 years was not exercised under a claim of right."

From a careful review of all of the testimony in this case, we have decided not to disturb the finding of the Chancellor who adjudged the passway in question to be a public road.

Wherefore, the judgment is affirmed.