Patty OLIVER, Appellant,

v.

Paul SCHULTZ; Judy Kay Schultz; Robert Hyslope; Nannie Hyslope; James D. Stout; Sheila L. Stout; James R. Jackson; Barbara A. Jackson; Dennis R. Hutchinson; and Ann Groves Hutchinson, Appellees.

No. 93–SC–813–TG.

Supreme Court of Kentucky.

Oct. 27, 1994.

Kenton R. Smith, Brandenburg, for appellant.

Danny E. Darnall, Brandenburg, for appellees.

STUMBO, Justice.

Patty Oliver appeals a judgment of the Meade Circuit Court upholding the validity of a restrictive covenant forbidding the placement of a mobile home upon her property. After reviewing the record and the law, we reverse.

A brief summary of the facts is in order. On March 14, 1990, Oliver purchased two tracts of land from Rosalie Waters. One tract contained 4.77 acres of land; the other consisted of 4.96 acres. The deed from Waters to Oliver contained no restrictions upon the use of either tract; however, it is undisputed that a restrictive covenant forbidding the placement of a mobile home upon the 4.77 acre tract exists throughout its chain of title. The two tracts in question were originally conveyed from the same parent tract, a 70.86 acre tract of land known as the Twin Lakes Subdivision, although no subdivision plat to this property was ever recorded.

Soon after purchasing these properties, Oliver placed a mobile home upon the 4.96 acre tract. In response to complaints by her neighbors, Oliver contended that this property was not burdened by any restrictive covenants because none appeared in her chain of title. The Appellees, a number of Oliver's neighbors with the restrictive covenant in question appearing in their deed, filed suit to have the restrictive covenant enforced. In its judgment of March 10, 1992, the trial court held that the restrictive covenant, which appeared in the chain of title of four of the nine total conveyances from the parent tract, was enforceable against Oliver relying upon *Bishop v. Rueff,* Ky.App., 619 S.W.2d 718 (1981). The court held that Oliver was bound by the restrictive covenant because it appeared collaterally in the chain of title, even though no such restriction appeared in any of the deeds to the 4.96 acre tract.

■■■ *Bishop, supra,* provides that "the grantee is charged with notice of an encumbrance upon property created by an instrument which is of record, notwithstanding the fact that it may exist only collaterally in the chain of title." *Bishop, supra,* at 720. However, such an encumbrance must be enforceable in order to bind the grantee. Under Kentucky law, "[t]he criteria for determining whether a covenant runs with the land or is merely personal between the grantor and the grantee include the intent of the parties, whether the covenant must affect or concern the land with which it runs, and whether privity of estate exists between the party claiming the benefit and the party who rests under the burden." *Bishop, supra,* at 720. In *Bishop,* the restrictive covenant in question clearly bound the remaining portions of the grantor's land; accordingly, this Court held that subsequent purchasers of land from the grantor were bound by the restriction even though it appeared only collaterally in their chain of title. After examining all of the deeds of conveyance from the parent tract contained in the record, it is clear that any restrictions imposed by these deeds were placed upon each separate grantee's land, not upon the remainder of the parent tract

grantor's land. Accordingly, *Bishop* is inapplicable, and each purchaser of land from the parent tract in this case is bound only by the restrictions which appear in the deed to his or her property.

■ The appellees contend that, as part of an overall scheme to restrict the parent tract property against mobile homes, Oliver is bound by *Franklin v. Moats*, Ky., 273 S.W.2d 812 (1954). In *Franklin*, this Court held that a restrictive covenant which read "lots three through nineteen shall be used for residence purposes only" was not invalid because lots one and two were being used for a commercial purpose, and that such a commercial use for some of the lots did not detract from the overall restrictive scheme in use for the sixty-nine total lots of the subdivision. Our review of the record reveals that the restrictions in this case were imposed piecemeal, with only four of the nine conveyed tracts restricted by the parent tract grantors, and all of these restrictions pertained only to the single piece of land being conveyed in the transaction. Moreover, as previously mentioned, no subdivision plat or deed of restrictions was ever filed for the parent tract. We find no compelling evidence in the record to support the claim that the conveyances from the parent tract were part of a general plan or scheme to restrict the parent tract.

■ During the course of deciding this case, it has become obvious to this Court that the law in this area needs to be clarified. In response to Judge Howerton's concurring opinion in *Bishop*, we hold that *Bishop* is only applicable under two circumstances: first, where the remainder of the grantor's property is restricted in a deed of conveyance in such a manner that the restriction runs with the land; and second, that a subdivision plat, a deed of restrictions, or some other instrument *of record* is filed that would place an ordinary and reasonably prudent attorney performing a title search on notice of the restrictions in question. To the extent that *Bishop* allows a restriction placed in a collateral chain of title to bind a subsequent grantee in the absence of a recorded subdivision plat or deed of restrictions, it is overruled. In the future, restrictive covenants

will be enforced under Kentucky law only when the restriction is placed in a recorded instrument, actual notice of a purported restriction notwithstanding.

The final issue for our review is whether the deed from the owners of the parent tract to Oliver's predecessor in title imposes any restrictions upon the 4.96 acre lot. In pertinent part, this deed provides as follows:

> Being the same property contracted to Timmy W. King, single, by an unrecorded Contract for Deed dated March 13, 1980.
>
> Timmy W. King, single, thereafter assigned all of his right, title and interest in the above Contract for Deed to Charles W. Ashbaugh, Jr. and Rosalie Ashbaugh, his wife, by an unrecorded Assignment dated September 15, 1981. Charles W. Ashbaugh, Jr. thereafter died on the 28 day of May 1983, and by the terms of his will of record in Will Book H, Page 522, Rosalie Ashbaugh became sole owner of same.
>
> THIS DEED FULFILLS THE PROVISIONS OF THE ABOVE CITED CONTRACT FOR DEED.

■ As revealed by the record, the March 13, 1980 unrecorded contract for deed contains a restriction forbidding the placement of mobile homes upon the property. In *Paine v. LaQuinta Motor Inns, Inc.*, Ky. App., 736 S.W.2d 355, 358 (1987), the court noted that "a subsequent purchaser for value who takes with notice of the restriction may be bound, even though the restriction may not be recorded." In support of this proposition, the Court cited *Swinney v. Haynes*, 314 Ky. 600, 236 S.W.2d 705 (1951), and *Hedges v. Stucker*, 237 Ky. 351, 35 S.W.2d 539 (1931). Neither of these cases are truly applicable to the validity of a restrictive covenant purportedly established by an unrecorded instrument, since both involve implied grants or reservations of easements. While we agree with the finding in *Paine* that a contract between a grantor and a grantee can establish a restriction upon the use of land, we hold that such a restriction cannot create a burden running with the land unless it is recorded in the manner previously described in this opinion. Again, even actual notice of a restriction created between parties by an

unrecorded contract is insufficient to place a subsequent grantee on notice of the restriction. To the extent that *Paine* reaches an opposite conclusion, it is hereby overruled. Accordingly, whatever restrictions may have existed on the 4.96 acre lot while it was owned by Oliver's predecessor in title became null and void upon the passage of title to Oliver, and she is free to use the land in whatever way she likes.

■ In light of the fact that this opinion constitutes a critical change in the enforcement of restrictive covenants in Kentucky, it will be applied prospectively only. Any previously litigated covenant disputes are *res judicata* to the extent of the final holding in that action. However, upon transfer of the property in dispute, the rule of law established by this opinion shall govern.

Therefore, the judgment of the Meade Circuit Court is reversed and remanded for further proceedings consistent with this opinion.

STEPHENS, C.J., and LEIBSON, SPAIN and WINTERSHEIMER, JJ., concur.

REYNOLDS, J., concurs in result only.

LAMBERT, J., dissents for the reasons set forth in *Paine v. LaQuinta Motor Inns, Inc.*, Ky.App., 736 S.W.2d 355 (1987).