**Harry JONES and Anita Jones, Appellants,**

v.

**Teresa SPARKS, Individually; Teresa Sparks, as Administratrix of the Estate of Algin Stamper; Gwendolyn Sparks; Charles Stamper; Algin C. Stamper; and Cassandra Rose Stamper, Appellees.**

No. 2008–CA–002006–MR.

Court of Appeals of Kentucky.

Oct. 16, 2009.

Brian N. Thomas, Winchester, KY, for appellants.

Rodney Davis, Irvine, KY, for appellees.

Before LAMBERT and STUMBO, Judges; HENRY,[1] Senior Judge.

## OPINION

LAMBERT, Judge.

Harry and Anita Jones appeal from the Estill Circuit Court's judgment in favor of Teresa Sparks, Individually et al., in an action to enforce the use of an alleged easement. After careful review, we affirm.

Harry and Anita Jones (hereinafter collectively referred to as "the Joneses") were neighbors of Algin Stamper and shared a common land boundary which fronted on Kentucky Highway 89. Harry alleges that in May 1992, he approached Stamper about creating a roadway over Stamper's property so that the Joneses could obtain easy access to Highway 89. On May 11, 1992, Harry contends that he met with Stamper to discuss the location of the proposed road. According to Harry, he and Stamper entered into an oral contract for the purchase of the alleged easement for the amount of $500.00 on or about May 15, 1992. On May 16, 1992, Anita withdrew $1000.00 cash and paid $500.00 to Stamper and allegedly used the

---

1. Senior Judge Michael L. Henry sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and KRS 21.580.

rest of the money to obtain a bulldozer to prepare the road. On May 17, 1992, the Joneses began driving on the road. Anita made several diary entries detailing these events, which appear in the record as calendar entries.

Over the course of the next thirteen years, the Joneses continued to utilize the road over Stamper's property to access their property. They claim to have made improvements upon the road and to have maintained the entire portion of the roadway, even the portion over Stamper's property. The Joneses continued to use the property until they were advised, subsequent to Stamper's death, that they would no longer be allowed to use the road.

The Joneses then brought this action to enforce their rights to the use of the road under the alleged easement. The defendants, Teresa Sparks, Individually and as Administratrix of the Estate of Algin Stamper; Gwendolyn Sparks; Charles Stamper; and Cassandra Rose Stamper; (hereinafter "Appellees") denied the existence of a written agreement evidencing this easement. On August 26, 2008, the Estill Circuit Court held a bench trial. At the trial, Harry Jones, Anita Jones, Charles Stamper, and Otis Sparks testified. The trial court entered a judgment on September 26, 2008, ruling in favor of Appellees on the issues of easement by estoppel, implied easement, and unjust enrichment. The Joneses now appeal the trial court's judgment against them.

On appeal, the Joneses argue that the trial court improperly determined that they were not entitled to an easement by estoppel, an implied easement, or that the appellees were unjustly enriched. The Joneses also argue that the trial court improperly allowed testimony about statements Stamper made before he died regarding the alleged easement.

Since this case was tried before the court without a jury, its factual findings "shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses...." CR 52.01. *See also Lawson v. Loid,* 896 S.W.2d 1, 3 (Ky.1995); *A & A Mechanical, Inc. v. Thermal Equipment Sales, Inc.,* 998 S.W.2d 505, 509 (Ky.App.1999). A factual finding is not clearly erroneous if it is supported by substantial evidence. *Owens–Corning Fiberglas Corp. v. Golightly,* 976 S.W.2d 409, 414 (Ky.1998); *Faulkner Drilling Co. v. Gross,* 943 S.W.2d 634, 638 (Ky.App.1997); *Uninsured Employers' Fund v. Garland,* 805 S.W.2d 116, 117 (Ky.1991). However, a reviewing court is not bound by the trial court's decision on questions of law. An appellate court reviews the application of the law to the facts, and the appropriate legal standard is *de novo. A & A Mechanical, Inc. v. Thermal Equipment Sales, Inc.,* 998 S.W.2d 505, 509 (Ky.App.1999).

▮ In the instant case, there was no written contract establishing the easement at issue. Therefore, the Joneses' argument that they should be vested with legal title to the alleged easement is clearly barred by the statute of frauds as set forth in KRS 371.010. Under no circumstance may the Court enforce a parol agreement for the sale of real estate, or for that matter, an easement. *See* KRS 371.010; *Jennett v. Sherrill,* 205 Ky. 307, 265 S.W. 781 (1924). As such, the trial court properly held that the Joneses must turn to equity as their only means of recovery.

▮ It is a fundamental principle of Kentucky property law that where the application of the statute of frauds is clear and unambiguous, equitable relief should only be granted under the most limited of circumstances. *Farmers Bank and Trust*

*Co. of Georgetown, Kentucky v. Willmott Hardwoods, Inc.,* 171 S.W.3d 4 (Ky.2005). The facts of this case do not present such clear and unambiguous circumstances as envisioned by the courts and the legislature of this Commonwealth.

■■■ Estoppel is an equitable principle utilized to prevent one who has failed to act when he should have acted from reaping a profit to the detriment of his adversary. *Sizemore v. Bennett,* 408 S.W.2d 449, 451 (Ky.1966). The requirements necessary to establish the existence of an easement by estoppel are: (1) conduct which amounts to a false representation or concealment of material facts which a party subsequently attempts to assert; (2) intention, or at least the expectation, that such conduct shall be acted upon by the other party; and (3) knowledge, actual or constructive, of real facts. *Smith v. Howard,* 407 S.W.2d 139, 143 (Ky.1966). Further, an easement by estoppel cannot run with the land and may pass only upon equitable principles to the subsequent party. *See Loid v. Kell,* 844 S.W.2d 428 (Ky. App.1992).

■■ In the instant case, the trial court found that Algin Stamper neither engaged in conduct which conveyed a false impression or concealed a material fact related to the roadway, nor did he believe that the Joneses would rely on his conduct. Instead, the trial court found that the Joneses failed to produce any evidence that Stamper knew, or had any reason to know, that they expected him to execute a deed to this alleged easement.

In fact, the parties' actions support the trial court's findings. Had the Joneses believed that Stamper intended to immediately execute a deed upon payment of the money, they would not have waited almost thirteen years from the date of the alleged contract to seek enforcement of the agreement. Consistent with these facts, the trial court found that Stamper allowed the Joneses to use the roadway as a matter of courtesy; however, he never had any intention of conveying legal title to the property. Most importantly, Harry actually admitted in his deposition that Stamper stated a couple of times that Harry could use the roadway "while he was living." It was not clear error for the trial court to infer that had Stamper intended to convey legal title to the roadway, Stamper would not have made such a statement insinuating that Harry could only use the property while he was alive.

■■ The Joneses also appeal the trial court's finding that they failed to meet their burden in proving an easement by implication. Under Kentucky law, an easement by implication is really a merger of two legal doctrines, a quasi-easement and an easement by necessity. *Carroll v. Meredith,* 59 S.W.3d 484, 489 (Ky.App. 2001). A quasi-easement is based on the rule that "where the owner of an entire tract of land or of two or more adjoining parcels employs one part so that another derives from it a benefit of continuous, permanent and apparent nature, and reasonably necessary to the enjoyment of the quasi-dominant portion, then upon a severance of the ownership a grant or reservation of the right to continue such use arises by implication of law." *Kreamer v. Harmon,* 336 S.W.2d 561, 563 (Ky.1960). *See also Swinney v. Haynes,* 314 Ky. 600, 236 S.W.2d 705 (1951). Generally, in order to prove a quasi-easement by implication of law, a party must show: (1) that there was a separation of title from common ownership; (2) that before the separation occurred the use which gave rise to the easement was so long continued, obvious, and manifest that it must have been intended to be permanent; and (3) that the use of the claimed easement was highly convenient and beneficial to the land con-

veyed. *Evanik v. Janus,* 120 Ill.App.3d 475, 485, 76 Ill.Dec. 308, 458 N.E.2d 962, 969 (1983).

██ A condition precedent to establishing a quasi-easement, then, is that the claiming party must be able to prove separation of title from common ownership. Common ownership was not present in this situation, as Stamper owned one parcel of land and the Joneses owned the other. Thus, the Joneses' claim for a quasi-easement must fail as a matter of law.

 Even if the Joneses could establish the elements for a quasi-easement, they cannot establish an easement by way of necessity. An easement by necessity is based on public policy and an implied intent of the parties favoring the use and development of land as opposed to rendering it useless. *Marrs v. Ratliff,* 278 Ky. 164, 128 S.W.2d 604, 609 (1939). A way of necessity generally will not be implied if the claimant has another means of access to a public road from his land, however inconvenient. *See Standard Elkhorn Coal Co. v. Moore,* 217 Ky. 317, 289 S.W. 261 (1926). In the instant case, the Joneses argue that the easement is necessary because it is difficult to reach their property via the other entrance, especially during inclement weather. However, the trial court found that the easement in this case was not a necessity and that the lack of an easement did not render the property useless. Further, the Joneses have another means of access to their property, and accordingly a way of necessity should not be implied. Finding substantial evidence in the record to support the trial court's findings, we find no grounds to set the trial court's determination aside on appeal.

██ The Joneses also argue they are entitled to relief under the theory of unjust enrichment and are entitled to the funds they allegedly spent improving the roadway. For a party to prevail under the theory of unjust enrichment, they must prove three elements: (1) benefit conferred upon defendant at plaintiff's expense; (2) a resulting appreciation of benefit by defendant; and (3) inequitable retention of benefit without payment for its value. *See Guarantee Electric Co. v. Big Rivers Electric Corp.,* 669 F.Supp. 1371, 1380–81 (W.D.Ky.1987).

██ The trial court found that the Joneses did not confer a benefit upon Stamper or his property. Specifically, the trial court found that Stamper did not benefit in any way from having a road built in the middle of his farm leading to his neighbor's property. Further, the trial court did not find any appreciation of the benefit or any inequitable retention of the benefit as there was no evidence presented to the trial court showing any increase in property value from the rough logging road leading to the Joneses' property. The trial court went so far as to conclude: "[the] reality is that this road most likely decreases the value of their property instead of increasing it." We do not find any clear error with the trial court's findings of fact on this issue. As found by the trial court, any money exchanged regarding this roadway was for the timber the Joneses cut down to make it. Accordingly, the Joneses cannot recover under the theory of unjust enrichment, and the trial court did not err in denying recovery under this theory.

██ Finally, the Joneses argue that the trial court improperly admitted statements made by Stamper, who was deceased at the time of the trial. Appellees introduced testimony from Charles Stamper and from Otis Sparks concerning statements they witnessed Algin Stamper make during discussions with Harry regarding the roadway. The Joneses argue that Stamper's statements amounted to hear-

say under the Kentucky Rules of Evidence (KRE) and should have been excluded.

Appellees argue that the statements were admissible because the witnesses had personal knowledge of the transaction at issue pursuant to KRE 602. However, KRE 602 is not an exception to the hearsay rule and simply states that a witness must have personal knowledge about which they are testifying. Appellees also argue that the statements were properly allowed under KRE 803(1) as a present sense impression of the declarant. KRE 803(1) allows for the introduction of statements made while the witness was perceiving the event or condition or immediately thereafter. In the instant case, the testifying witnesses were present when Stamper and Harry discussed the roadway and alleged easement. They testified about statements Stamper made as he perceived Harry's use of the roadway. As such, the statements were properly admitted by the trial court as evidence under KRE 803(1) as an exception to the hearsay rule.

■ Even assuming the statements were not properly admitted under KRE 803(1), Appellees argue that they should have been admitted for impeachment purposes. Although Appellees do not elaborate on this argument, Harry did testify at the bench trial that Stamper intended to confer an easement to him for the use of the roadway. Accordingly, the statements Stamper made during this transaction were appropriately used to impeach Harry's testimony to the contrary. Thus, the trial court did not err in allowing the statements into evidence.

■ Finally, any error in admitting Stamper's statements was harmless. The evidence in this case indicated that the Joneses knew they were only allowed to use the roadway until Stamper died, and they waited over thirteen years to establish any written evidence of an easement or to establish an easement in equity. Given that they could not establish a written easement and cannot recover under another equitable theory, we do not see how these statements harmed them in any way during the bench trial.

In summation, the Joneses did not have a valid written easement, cannot establish an easement by implication or estoppel, and are not entitled to recover under unjust enrichment. Accordingly, we affirm the September 26, 2008, judgment of the Estill Circuit Court in its entirety.

ALL CONCUR.