RENDERED: AUGUST 6, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-0520-MR

JAMES E. COPLEY                                                APPELLANT

v.          APPEAL FROM RUSSELL CIRCUIT COURT
            HONORABLE VERNON MINIARD, JR., JUDGE
            ACTION NO. 19-CI-00285

BARRY PASSMORE AND
JACQUELINE PASSMORE                                            APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  JONES, MAZE, AND TAYLOR, JUDGES.

MAZE, JUDGE:  Appellant James E. Copley appeals from the summary dismissal

of his complaint alleging that appellees Barry and Jacqueline Passmore are in

violation of restrictive covenants encumbering property they own in the Edwin

Robertson Farm Division.  Because the circuit court considered matters outside the

pleadings, it appropriately treated the CR[1] 12.03 motion to dismiss as one for summary judgment.  We affirm the entry of summary judgment dismissing Copley's complaint.

Copley, who owns property in the same subdivision, filed a complaint in Russell Circuit Court alleging that the Passmores' use of their property for the storage of wrecked and junked vehicles was in direct violation of a document styled "Restriction on Torch Ridge Farm."  That document, a copy of which was appended to the complaint, enumerated restrictions which included the following which are pertinent to this appeal:

> 1.  No junk or inoperative automobiles shall be allowed upon the premises except in enclosed structures where the same shall not be visible to adjoining property owners or from the public right of way.
>
> 2.  No noxious or offensive trade or activity shall be carried on upon the real estate nor shall anything be done thereon which may become and [sic] annoyance to neighborhood.
>
> 3.  The real estate shall not be used or maintained as a dumping ground for rubbish, etc. . . .

Copley alleged that the storage of wrecked and junk vehicles on the Passmores' property for the purpose of disassembly of the vehicles and sale of their parts directly violated those restrictions.  Notably, the copy of the Torch Ridge Farm

---

[1] Kentucky Rule of Civil Procedure.

Restriction appended to the complaint does not contain a stamp or other indication that it had been filed of record in the office of the Russell County Clerk. In addition, Copley alleged that the Edwin Robertson Farm subdivision had at times been referred to in the Russell County Clerk's Office, and elsewhere, as "Torch Ridge Farm," "Torch Ridge Farm Division," "Robertson Farm," "Robertson Farm Division," and "Edwin Robertson Tract."

After filing an answer and counterclaim, the Passmores filed a motion to dismiss stating that no restrictions or covenants appear or are referenced in their deed or chain of title to the property. Further, they alleged that the Torch Ridge Farm restrictions appended to the complaint had never been filed in the Russell County Clerk's office. Finally, the Passmores asserted that under the merger doctrine, all prior statements and agreements concerning their property merged into the deed and all parties are thereafter bound by that instrument.

The trial court subsequently conducted a hearing on the motion at which only the Russell County Clerk, Sue Brockman, testified. After verifying the authenticity of two affidavits she had previously filed in the case, Ms. Brockman reaffirmed that the Russell County Clerk's office stamps each and every document, including lists of restrictions, with a stamp identifying the date the document was recorded and its location in the clerk's office. She also testified that she had searched and examined the records of the Russell County Clerk's office and found

no restrictions or covenants on file for either the "Edwin Robertson Farm Division" or "Torch Ridge Farm." Ms. Brockman also stated that she had examined the document titled "Restriction of Torch Ridge Farm" which had been appended to Copley's complaint and stated that she could verify that the document had never been filed in the Russell County Clerk's office. No *evidence* to the contrary was offered at the hearing.

Accordingly, the Russell Circuit Court entered an order dismissing Copley's complaint, citing Ms. Brockman's undisputed testimony and Copley's failure to demonstrate that any recorded restrictions applied to the Passmores' property. Specifically, the circuit court held that the restrictions upon which Copley predicated his complaint are not of record with the Russell County Clerk and have never been attached to the Passmores' real property. Thus, the document titled "Restriction of Torch Ridge Farm" could not be used to restrict the Passmores' use of the subject real property. This appeal followed.

We commence with the language of CR 12.03:

> After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. If, on such motion, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided for in Rule 56, and all parties shall be given reasonable opportunity to present all materials made pertinent to such a motion by Rule 56.

Because the circuit court specifically stated that it was treating the motion as one for summary judgment, we review its judgment under standards appropriate to CR 56. As outlined in *Scifres v. Kraft*, 916 S.W.2d 779, 781 (Ky. App. 1996), appellate courts review grants of summary judgment to determine whether the trial court correctly found that there were no genuine issues as to any material fact and that the moving party was entitled to judgment as a matter of law. The appellate court need not defer to the trial court since factual findings are not in issue. *Goldsmith v. Allied Building Components, Inc.*, 833 S.W.2d 378, 381 (Ky. 1992). "The record must be viewed in a light most favorable to the party opposing the motion for summary judgment and all doubts are to be resolved in his favor." *Steelvest, Inc. v. Scansteel Service Center, Inc.*, 807 S.W.2d 476, 480 (Ky. 1991). Summary "judgment is only proper where the movant shows that the adverse party could not prevail under any circumstances." *Id.* (citing *Paintsville Hospital Co. v. Rose*, 683 S.W.2d 255 (Ky. 1985)). Under these criteria, summary judgment is appropriate "[o]nly when it appears impossible for the nonmoving party to produce evidence at trial warranting a judgment in his favor . . . ." *Huddleston v. Hughes*, 843 S.W.2d 901, 903 (Ky. App. 1992) (citing *Steelvest*, *supra*). With these principles in mind, we turn to a review of Copley's argument that summary judgment was entered prematurely.

Although Copley now argues that judgment was inappropriate where no discovery was submitted concerning the principal issues in dispute, the record is devoid of any suggestion that Copley was denied the opportunity to present evidence in support of his claim. As the Supreme Court of Kentucky explained in *Hoke v. Cullinan*, 914 S.W.2d 335, 337 (Ky. 1995), "[p]rovided litigants are given an opportunity to present evidence which reveals the existence of disputed material facts, and upon the trial court's determination that there are no such disputed facts, summary judgment is appropriate." In order to succeed on his claim, Copley bore the burden of establishing the existence of *recorded* restrictions on the use of the Passmores' property. "[R]estrictive covenants will be enforced under Kentucky law only when the restriction is placed in a recorded instrument, actual notice of a purported restriction notwithstanding." *Oliver v. Schultz*, 885 S.W.2d 699, 701 (Ky. 1994). Thus, because no restrictions appear or are referenced in the Passmores' deed or chain of title, Copley could succeed in enforcing the restrictions set out in the Torch Ridge Farm instrument only if it had been recorded.

Once the affidavits and testimony of Ms. Brockman established that the Torch Ridge Farm instrument does not appear of record in the office of the Russell County Clerk, it was incumbent upon Copley to produce some evidence to the contrary. Not only did Copley fail to do so, he did not object to the timing of

the hearing or request additional time to marshal his evidence. Even if the Torch Ridge Farm restrictions were to be held applicable to the Edwin Robertson Farm subdivision, Copley's failure to offer some evidence creating a genuine issue as to whether those restrictions had *in fact been recorded* is fatal to his claim. On this state of the record, we have no difficulty in concluding that entry of summary judgment was entirely appropriate.

Accordingly, we affirm the judgment of the Russell Circuit Court dismissing the complaint.

ALL CONCUR.

| BRIEFS FOR APPELLANT: | BRIEF FOR APPELLEES: |
| --- | --- |
| Joel R. Smith | Derrick G. Helm |
| Jamestown, Kentucky | Jamestown, Kentucky |