RENDERED: JULY 14, 2023; 10:00 A.M.
NOT TO BE PUBLISHED
MODIFIED: SEPTEMBER 8, 2023; 10:00 A.M.

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0183-MR

PERSIMMON RIDGE
HOMEOWNERS ASSOCIATION,
INC.                                                                                          APPELLANT


APPEAL FROM SHELBY CIRCUIT COURT
v.          HONORABLE CHARLES R. HICKMAN, JUDGE
ACTION NO. 17-CI-00545


PETER E. BERKELEY; BARBARA G.
WOLFE, TRUSTEE OF THE
BARBARA G. WOLFE REVOCABLE
TRUST; CARLA MEANS; CLAUDIA
JEAN HOLLIGER; CURTIS AND
CYNTHIA RAUSCH JOINT
REVOCABLE TRUST; CURTIS G.
RAUSCH; CYNTHIA C. RAUSCH;
DAVID A. DEVINCENTIS; DAVID A.
HOLLIGER; DAVID A. NICHEOLS;
DEBORAH FOREMAN; DON E.
GOBEN, SR.; EDWIN L.
WINEBRENNER; GERALD T.
ZOELLER; JAMES E. CASEY; JAMES
MEANS; JANET M. WINEBRENNER;
JANICE A. FISCHER ZOELLER;
JANICE BUTTERS; JERRY OLLER;
JILL LAURICH-MALISON; JO ELLA

GONTERMAN; JUDY BRANDON;
JULIA KAREN WINE; KAREN
GOBEN; KARLEN DENTINGER;
KAY K. DEVINCENTIS; KEVIN B.
BRANDON; KEVIN G. MALISON;
LARRY GONTERMAN; LINDA M.
OLLER; MARILYN W. SPECK;
MARY ELLEN CASEY; MARY M.
JONES; PATRICIA A. MEREDITH;
PAUL WINTER; REBECCA ADKINS;
RICHARD ELMORE; RICK
FOREMAN; ROGER ADKINS;
ROYCE A. SPECK; RUSSELL A.
MEREDITH; SHIRLEY LITTLE
BERKELEY; SUE E. NICHEOLS;
THOMAS N. JONES; AND VICKI
ELMORE                                                                    APPELLEES

AND


NO. 2022-CA-0207-MR


JANICE BLAIR; ALETHA M.
MARCUM; DALE VINIARD; JAMES
D. GARMON; JASPER BLAIR;
LAJUST, LLC; LAWREN A. JUST;
NANCY VINIARD; AND STEPHEN
H. MARCUM                                                             APPELLANTS



APPEAL FROM SHELBY CIRCUIT COURT
v.        HONORABLE CHARLES R. HICKMAN, JUDGE
ACTION NO. 17-CI-00545



PERSIMMON RIDGE HOME
OWNERS ASSOCIATION, INC.;
BARBARA G. WOLFE, TRUSTEE OF

THE BARBARA G. WOLFE REVOCABLE TRUST; CARLA MEANS; CLAUDIA JEAN HOLLIGER, JR.; CURTIS AND CYNTHIA RAUSCH JOINT REVOCABLE TRUST; CURTIS G. RAUSCH; CYNTHIA C. RAUSCH; DAVID A. DEVINCENTIS; DAVID A. HOLLIGER; DAVID A. NICHEOLS; DEBORAH FOREMAN; DON E. GOBEN, SR.; EDWIN L. WINEBRENNER; GERALD T. ZOELLER; JAMES E. CASEY; JAMES MEANS; JANET M. WINEBRENNER; JANICE A. FISCHER ZOELLER; JANICE BUTTERS; JERRY OLLER; JILL LAURICH-MALISON; JO ELLA GONTERMAN; JUDY BRANDON; JULIA KAREN WINE; KAREN GOBEN; KARLEN DENTINGER; KAY K. DEVINCENTIS; KEVIN B. BRANDON; KEVIN G. MALISON; LARRY GONTERMAN; LINDA M. OLLER; MARILYN W. SPECK; MARY ELLEN CASEY; MARY M. JONES; PATRICIA A. MEREDITH; PAUL WINTER; PETER E. BERKELEY; REBECCA ADKINS; RICHARD ELMORE; RICK FOREMAN; ROGER L. ADKINS; ROYCE A. SPECK; RUSSELL A. MEREDITH; SHIRLEY LITTLE BERKELEY; SUE E. NICHEOLS; THOMAS N. JONES; AND VICKI ELMORE                    APPELLEES

AND

PETER E. BERKELEY; BARBARA G.
WOLFE, TRUSTEE OF THE
BARBARA G. WOLFE REVOCABLE
TRUST; CARLA MEANS; CLAUDIA
JEAN HOLLIGER, JR.; CURTIS AND
CYNTHIA RAUSCH JOINT
REVOCABLE TRUST; CURTIS G.
RAUSCH; CYNTHIA C. RAUSCH;
DAVID A. DEVINCENTIS; DAVID A.
HOLLIGER; DAVID A. NICHEOLS;
DEBORAH FOREMAN; DON E.
GOBEN, SR.; EDWIN L.
WINEBRENNER; GERALD T.
ZOELLER; JAMES E. CASEY; JAMES
MEANS; JANET M. WINEBRENNER;
JANICE A. FISCHER ZOELLER;
JANICE BUTTERS; JERRY OLLER;
JILL LAURICH-MALISON; JO ELLA
GONTERMAN; JUDY BRANDON;
JULIA KAREN WINE; KAREN
GOBEN; KARLEN DENTINGER;
KAY K. DEVINCENTIS; KEVIN B.
BRANDON; KEVIN G. MALISON;
LARRY GONTERMAN; LINDA M.
OLLER; MARILYN W. SPECK;
MARY ELLEN CASEY; MARY M.
JONES; PATRICIA A. MEREDITH;
PAUL WINTER; RICHARD ELMORE;
RICK FOREMAN; ROYCE A. SPECK;
RUSSELL A. MEREDITH; SHIRLEY
LITTLE BERKELEY; SUE E.
NICHEOLS; THOMAS N. JONES;
AND VICKI ELMORE                                    CROSS-APPELLANTS

-4-

v.                      HONORABLE CHARLES R. HICKMAN, JUDGE
                        ACTION NO. 17-CI-00545


PERSIMMON RIDGE HOME
OWNERS ASSOCIATION, INC.;
ALETHA M. MARCUM; DALE
VINIARD; JAMES D. GARMON;
JANICE BLAIR; JASPER BLAIR;
LAJUST, LLC; LAWREN A. JUST;
NANCY VINIARD; REBECCA
ADKINS; ROGER L. ADKINS; AND
STEPHEN H. MARCUM                            CROSS-APPELLEES


## OPINION
## AFFIRMING IN PART, REVERSING IN PART, AND REMANDING

** ** ** ** **

BEFORE:  EASTON, GOODWINE, AND TAYLOR, JUDGES.

GOODWINE, JUDGE:  Persimmon Ridge Homeowners Association, Inc.

("HOA") and Janice Blair, *et al*. ("Blair") appeal the June 1, 2021, order of the

Shelby Circuit Court.  Peter E. Berkeley, *et al*. ("Owners") cross-appeal.  After

careful review, we affirm, in part, reverse, in part, and remand.

## BACKGROUND

Persimmon Ridge is a residential subdivision in Shelby County,

Kentucky.  In 1989 the developer filed the Declaration of Covenants, Conditions,

and Restrictions ("the Covenants") with the Shelby County Clerk.  Under the

Covenants, the owners of real property in Persimmon Ridge must pay annual assessments to the HOA. Payment of annual assessments by owners enables the HOA to provide various benefits to members, including maintenance of common areas, including streets, sidewalks, medians, crosswalks, landscaping, and recreational areas, including tennis courts and the swimming pool.[1] As HOA members, owners are entitled to use the common areas, among other benefits.

The Covenants allow additional land to be made part of Persimmon Ridge by mandating

> Developer shall have the unilateral right, privilege and potion, from time to time and at any time until January 1, 2010, to subject to the provisions of this Declaration all or any portion of the Additional Land, by filing in the Shelby County Clerk's office an amendment annexing such real property. Any such annexation shall be effective upon the filing for record of such amendment unless otherwise provided in the amendment. Developer may assign this right of annexation to any person or entity.

R. at 783. In 2003, the developer's successor executed an amendment annexing additional land consisting of lots 258 through 272. The amendment did not include language altering the date on which it would be made effective. Due to the developer's oversight, the amendment was not timely filed. In 2004, a construction company purchased land referred to in the amendment and

---

[1] "Unless such obligations are assumed by a municipal or governmental agency having jurisdiction thereof." Record ("R.") at 787.

-6-

constructed a forty-two-unit condominium complex called The Villas at Persimmon Ridge ("The Villas"). Since constructing The Villas, owners of the condos have paid assessments as mandated by the Covenants and have acted as members of the HOA.[2]

Owners are a group of past and current owners of condos in The Villas. Owners petitioned for a declaration that they are not obligated to pay annual fees to the HOA and for reimbursement of all fees previously paid. The trial court entered a joinder order requiring Owners to send all past and present owners of The Villas party option forms. Some individuals joined the petition. Others disclaimed any right, title, or interest to any reimbursement of assessments or future claims for relief like what was requested by Owners.

Owners argue they were never subject to the Covenants because the amendment annexing the land on which The Villas are built was not filed until 2015. Another group of owners, Blair, has joined the HOA's opposition to the petition and wishes to remain members of the HOA. Both Owners and the HOA moved for summary judgment. After hearing the parties' arguments, the trial court denied the HOA's motion and granted the Owners' motion. The trial court held

> the Petitioners are not obligated to pay an annual
> assessment to the Persimmon Ridge HOA and the Villa
> owners shall not be obligated to pay the annual

---

[2] In addition to the Persimmon Ridge assessment, condo owners are required to pay separate fees for maintenance and insurance for the complex.

assessment prospectively.  The Persimmon Ridge HOA
is hereby ordered to refund of all past annual assessments
which Villa condominium owners, past and present, have
paid to the Persimmon Ridge HOA.

R. at 1239.  The court subsequently clarified that its order affected only Owners

and not "those individuals that opted out of the case, those that have waived any

refund, [or] those owners that purchased a villa after the amendment annexing real

property was filed[.]"  R. at 1275.  These appeals and cross-appeal followed.

## STANDARD OF REVIEW

We review grants of summary judgment *de novo*.

When reviewing a trial court's grant of summary
judgment, we determine whether the record supports the
trial court's conclusion that there is no genuine issue as
to any material fact and the moving party is entitled to
judgment as a matter of law.  Because summary
judgment does not require findings of fact but only an
examination of the record to determine whether material
issues of fact exist, we generally review the grant of
summary judgment without deference to the trial court's
assessment of the record or its legal conclusions.

*Foreman v. Auto Club Property-Casualty Insurance Company*, 617 S.W.3d 345,

349 (Ky. 2021) (internal quotation marks and footnotes omitted).

## ANALYSIS

On appeal, the HOA argues:  (1) the amendment is valid and

enforceable; (2) in the alternative, the parties entered into an implied contract for

payment of the annual assessments; (3) Owners' claims are barred by quantum

meruit and unjust enrichment; (4) Kentucky's race-notice statute does not apply to

-8-

the amendment; (5) the trial court erred in awarding a refund to Roger and Rebecca Adkins; and (6) the trial court failed to enforce its joinder order. Blair raises substantially similar arguments to those of the HOA. On cross-appeal, in addition to arguing the trial court properly found the Covenants did not bind them, Owners claim the trial court erred by denying them prejudgment interest.

First, determining whether the amendment is enforceable requires an interpretation of the terms of the Covenants. The HOA takes issue with the trial court's citation to *Oliver v. Schultz*, 885 S.W.2d 699 (Ky. 1994), which pertains to restrictive covenants. In this matter, the additional land and assessments covenants are affirmative, not restrictive, covenants. *See Your Community Bank, Inc v. Woodlawn Springs Homeowners Association, Inc.*, 449 S.W.3d 357, 359 (Ky. 2014). We interpret the terms of affirmative covenants according to the well-settled principles of contract law. *Id.* (citation omitted). "[I]n the absence of ambiguity, a written instrument will be enforced strictly according to its terms, and a court will interpret the contract's terms by assigning language its ordinary meaning and without resort to extrinsic evidence." *Id.* at 359-60 (citation omitted).

The language of the covenant regarding additional land is unambiguous. Under the Covenants, the annexation of additional land is not effective until the amendment is filed with the county clerk. Despite its execution in 2003, the amendment annexing the land encompassing The Villas was not filed

until 2015. The amendment contains no language altering the date of effectiveness. Therefore, The Villas were not annexed by the amendment into Persimmon Ridge, and, as such, owners of the condos were not subject to the Covenants.

However, the law must be "rigorously, but not mechanically, applied." *See Bruner v. Cooper*, ___ S.W.3d ___, 2022 WL 12212262, *14 (Ky. 2022) (Nickell, J., concurring). While there is no actual contract between the parties, an implied contract exists. An implied contract is "an obligation imposed by law because of the conduct of the parties or some special relationship between them, or because one of them would otherwise be unjustly enriched." *Kentucky Ass'n of Counties All Lines Fund Trust v. McClendon*, 157 S.W.3d 626, 632-33 (Ky. 2005) (footnote omitted). Such a contract is not written or oral but is implied by the parties' conduct. *Furtula v. University of Kentucky*, 438 S.W.3d 303, n.6 (Ky. 2014).

> [A] contract may be inferred wholly or partly from such conduct as justifies the promisee in understanding that the promisor intended to make a promise. *To constitute such a contract there must, of course, be a mutual assent by the parties – a meeting of the minds – and also an intentional manifestation of such assent.*

*Id.* at 308 (citation omitted). "The conduct of a party is not effective as a manifestation of his assent unless he intends to engage in the conduct and knows or

-10-

has reason to know that the other party may infer from his conduct that he assents." *Id.* at 309 (citation omitted).

The parties agree that the developer was responsible for filing the amendment. None of the parties confirmed that the amendment had been filed. Instead, all parties proceeded under the assumption that The Villas were properly made part of Persimmon Ridge and that their owners were members of the HOA.

It is undisputed that owners conducted themselves as members of the HOA. They paid the annual assessments. They enjoyed membership benefits that include the right to use recreational facilities, such as tennis courts, swimming pools, and discounted garbage collection. The HOA used the funds collected from Owners to maintain the common areas and to meet its obligations under the Covenants otherwise. Both the HOA and Owners knew or should have known the other could infer assent from this conduct, proving mutual assent as to payment of assessments in exchange for the benefits of HOA membership.

Owners would be unjustly enriched if their prior payments were refunded or if they were allowed continued use of the benefits of HOA membership without payment. Unjust enrichment requires (1) a benefit to have been conferred upon Owners at the HOA's expense, (2) Owners to have appreciated the benefit, and (3) Owners to have inequitably retained the benefit. *See Lipson v. University of Louisville*, 556 S.W.3d 18, 32 (Ky. App. 2018) (citation

omitted). These elements are easily satisfied. The Owners, by their conduct, entered into an implied contract with the HOA and enjoyed the benefits of that contract. Refunding their payments despite their enjoyment of the benefits or allowing continued enjoyment without payment would be inequitable.

Furthermore, Owners represent only a portion of the past and present owners of The Villas. Other owners did not join the lawsuit and, instead, joined the HOA's arguments because they wish to remain members of the HOA. There would be no equitable way to stop some but not all owners of The Villas from enjoying the benefits of HOA membership.

Because the above analysis is determinative of this appeal, we need not address the merits of the remaining arguments raised by the parties.

### CONCLUSION

Based on the foregoing, we affirm, in part, the June 1, 2021, order of the Shelby Circuit Court to the extent that the court found the amendment unenforceable before its recordation in 2015. Otherwise, we reverse the order and remand with instructions to enter an order denying the Owners' motion for summary judgment and granting Blair and the HOA's motions for summary judgment because an implied contract existed between the parties and Owners would be unjustly enriched if they were reimbursed and prospectively exempt from assessments.

ALL CONCUR.


BRIEFS FOR PERSIMMON RIDGE
HOMEOWNERS ASSOCIATION,
INC.:

David Domene
Catherine Murr Young
Louisville, Kentucky

BRIEF FOR JANICE BLAIR, *ET AL.*:

Gregg Y. Neal
Shelbyville, Kentucky

BRIEF FOR PETER E. BERKELEY,
*ET AL.*:

Richard V. Hornung
Louisville Kentucky

BRIEF FOR ROGER AND
REBECCA ADKINS:

Henry S. Johnson
Louisville, Kentucky