**Ezza R. FISHBACK et al., Appellants,**

v.

**H. L. DOZIER et al., Appellees.**

Court of Appeals of Kentucky.

Nov. 30, 1962.

Gess, Mattingly, Saunier & Atchison, Lexington, for appellants.

Marshall A. Dawson, Leonard K. Nave, Versailles, for appellees.

MILLIKEN, Judge.

On the pleadings and exhibits presented and without the taking of proof, the trial court adjudged a restrictive covenant in a deed prohibiting the erection of a gasoline filling station, grocery, garage, etc., on the land conveyed was for the personal benefit of the grantor and did not run with the land. The appellees, plaintiffs below, sought to be relieved of the restriction so that they might convey title in fee simple to the two one-acre lots involved.

The restricted land is west of Versailles (toward Frankfort) on U. S. 60 directly opposite the junction of U. S. 62 which enters U. S. 60 from the north; it is bordered on all other sides by the Platt farm and at no point touches the Fishback home tract for whose benefit the restrictions assertedly were imposed. The Fishback home tract also is located on the south side of U. S. 60, to the west (toward Frankfort) of the restricted land and is separated therefrom by approximately 200 feet of the Platt farm. To the east of the restricted tract (toward Versailles) there are sundry small businesses.

The original conveyance from Miss Ezza Fishback and others to the McNamaras on May 3, 1946, first imposed the restriction on the use of the land. When the McNamaras conveyed the tract to the appellees, the Doziers, in July, 1947, the restriction was included in the deed; and when the Doziers conveyed part of the tract to the appellee Etherington in July, 1947, the restrictive covenant was included in the deed. The Fishback land retained, or home tract, was conveyed to the appellants Boston in 1948 without restriction, and no mention whatever was made of the restriction Miss Fishback had previously placed in the deed to the McNamaras in 1946; the benefit of the restriction thus was not in the chain of title to the land retained.

The restriction involved is specifically:

"\* \* \* It is further stipulated and agreed that second parties, their heirs and assigns will not erect, build or permit to be erected or built on the above described real estate a gasoline filling station, or public automobile garage,

road house, restaurant, grocery or place of entertainment or tourist camps."

The 1946 restriction itself thus does not specifically state whether it was intended to benefit the retained land of the grantor, Miss Fishback. It seems to us reasonable to assume that Miss Fishback imposed the restriction in 1946 with either or both of two purposes in mind, namely, to prevent the spread of commercial development of the frontage along the highway as it approached her home and/or she contemplated development of the land she retained for residential purposes.

Although the restricted land is separated along the highway from the Fishback home tract by approximately 200 yards of the Platt farm, the phrasing of the restriction indicates that the burden of the restriction was intended to run with the land. The use of the words of succession binding the "heirs and assigns" of the restricted land would not in themselves cause the burden to run if the nature of the restriction were not one which could run with the land. But here the nature of the restriction "touches and concerns" the land by limiting its use and affecting its market value, and the requisite of privity of estate is met by the grantor-grantee relationship existing at the time of the creation of the restriction. 14 Am.Jur., Covenants, Etc., Sections 19 through 28. See Clark, 2nd Ed. (1948), Covenants And Interests Running With Land at page 94. In other words, the covenant here is one which meets the requirements of a covenant running with the land and there is no apparent intention that it not run with the land. In fact, the use of the words of succession evidence the opposite intention, i. e., that the covenant or restriction run with the land. See Tiffany, Law of Real Property, Section 854 at page 461.

While there may be evidence available which would support removal of the restriction, Duncan v. Central Passenger R. Co. (1887), 85 Ky. 525, 4 S.W. 228, the present judgment was granted on the pleadings and exhibits alone with the allegations of abandonment and change of condition of the neighborhood sharply at issue on the pleadings. In such circumstances we are forced to the conclusion that the judgment was improperly granted.

The judgment is reversed.