RENDERED:  APRIL 9, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-0866-MR

JAMES WHITEHEAD AND
ANGELICA SALAS HOWARD,
doing business as Moonbow Properties                              APPELLANTS


                      APPEAL FROM WHITLEY CIRCUIT COURT
v.                    HONORABLE DANIEL BALLOU, JUDGE
                      ACTION NO. 18-CI-00417


CARL T. BRUMMETT                                                    APPELLEE


OPINION
VACATING AND REMANDING

** ** ** ** **

BEFORE:  DIXON, KRAMER, AND MCNEILL, JUDGES.

KRAMER, JUDGE:  James Whitehead and Angelica Howard, doing business as

Moonbow Properties (collectively "Moonbow Properties"), appeal from a

dismissal of their complaint by the Whitley Circuit Court for lack of standing.  We

vacate and remand for proceedings not inconsistent with this opinion.

        In 1977, Edgar and Maudie Sammons conveyed approximately three

acres of land in Whitley County ("the parent tract") to Keith, Norma, and Dennis

Patrick ("the Patricks"). A surveyor was hired to measure the parent tract and prepare a plat that divided the tract into several lots for the purpose of development. It is unclear from the record before us whether the plat was ever recorded. The plat does not contain any restrictions and it does not appear, from the record before us, that a deed of restrictions was ever filed. However, in 1981, the Patricks conveyed two parcels to Carl and Relda Brummett. Both deeds contained the following restrictive covenant: "No mobile homes or trailers may be placed or stored on the above described property. The restriction shall be a covenant running with the land."

In 2001, the Patricks conveyed the remainder of the parent tract to Moonbow Properties. Notably, Moonbow Properties' deed did not contain the restrictive covenant pertaining to trailers and mobile homes. The record shows that in 2017 or 2018, the Brummetts added to their property a dwelling which Moonbow Properties claims is a mobile home.[1] In July 2018, Moonbow Properties filed suit, seeking enforcement of the restrictive covenant contained in the Brummetts' deed via injunctive relief and damages.[2] Carl Brummett filed one

---

[1] We note that the circuit court did not make a finding as to whether the home fits the definition of a mobile home under Kentucky law.

[2] We note that Relda Brummett died approximately four months prior to the filing of the lawsuit. Her interest in the property passed to her spouse, Carl Brummett.

responsive document during the pendency of the action in circuit court, a *pro se*

statement that reads

> [t]he definition of a "mobile home" or trailer is one that was built 1976 or prior. These homes (pre 1976) did not get built to HUD code, any homes built after 1976 are considered manufactured homes, built safe to US HUD code. The home we placed on Rains Street was 2014 manufactured by Clayton Homes. It is not a mobile home.

Brummett did not participate further in the proceedings.

Moonbow Properties motioned the circuit court for summary

judgment in March 2019, which was denied, the circuit court citing only

"unresolved issues of fact." A bench trial was scheduled for January 27, 2020. On

January 10, 2020, Moonbow Properties renewed its motion for summary judgment.

Despite the fact that Brummett had not sought dismissal of the complaint pursuant

CR[3] 56, the circuit court denied the motion and dismissed Moonbow Properties'

complaint in an order that reads, in relevant part,

> 1. The deed of record attached as Exhibit D to [Moonbow Properties'] complaint does not contain the restrictive covenant referenced in the [Brummetts'] deed which is the subject of the lawsuit.
>
> 2. [Moonbow Properties] lacks standing to raise the issue of the violation of the restrictive covenant when they are not burdened by the same restriction.

---

[3] Kentucky Rule of Civil Procedure.

Moonbow Properties filed a motion to alter, amend, or vacate the circuit court's order dismissing their complaint, which was denied. This appeal followed.

We first note that Brummett failed to file an appellee brief with this Court. When a responsive brief has not been filed, the Court may: (i) accept the appellant's statement of the facts and issues as correct; (ii) reverse the judgment if appellant's brief reasonably appears to sustain such action; or (iii) regard the appellee's failure as a confession of error and reverse the judgment without considering the merits of the case. CR 76.12(8)(c). "The decision as to how to proceed in imposing such penalties is a matter committed to our discretion." *Cabinet for Health and Family Services v. Loving Care, Inc.*, 590 S.W.3d 824, 826 (Ky. App. 2019) (quoting *Roberts v. Bucci*, 218 S.W.3d 395, 396 (Ky. App. 2007)). Here, after careful review of the record, we have determined that Moonbow Properties' brief reasonably appears to warrant reversal of the circuit court's ruling regarding the issue of standing.[4]

"The standard of review on appeal of a summary judgment is whether the circuit judge correctly found that there were no issues as to any material fact and that the moving party was entitled to a judgment as a matter of law." *Pearson*

---

[4] Appellants also argue that the home erected by Brummett is, in fact, a mobile home under Kentucky law. However, because the circuit court did not make a factual finding regarding that issue, we do not address it herein.

*ex rel. Trent v. Nat'l Feeding Systems, Inc.*, 90 S.W.3d 46, 49 (Ky. 2002). Summary judgment is only proper when "it would be impossible for the respondent to produce evidence at the trial warranting a judgment in his favor." *Steelvest, Inc. v. Scansteel Service Center, Inc.*, 807 S.W.2d 476, 480 (Ky. 1991). "Interpretation or construction of restrictive covenants is a question of law. Therefore, we review this matter *de novo.*" *Black v. Birner*, 179 S.W.3d 873, 877 (Ky. App. 2005). Our review regarding the issue of standing is limited "to a determination of whether the matters alleged in the complaint establish [Moonbow Properties'] standing to bring the action or whether it is without a 'substantial interest' in the subject matter of the controversy." *City of Louisville v. Stock Yards Bank & Trust Co.*, 843 S.W.2d 327, 328 (Ky. 1992). We agree with Moonbow Properties that it has standing.

The record before us demonstrates that the restrictive covenant contained in the Brummets' deed, which states that it runs with the land, was meant to benefit the land, not the Patricks alone as grantors. "A declaration in the conveying instrument that restrictive covenants are to run with the land is a significant factor in determining that the grantor intended the restriction to benefit the land and not just his personal interests." *KL & JL Investments, Inc. v. Lynch*, 472 S.W.3d 540, 546 (Ky. App. 2015) (internal quotation marks and citations

omitted). The language contained in Brummetts' deed is unambiguous—the covenant was intended to run with the land.

Further,

> whether "a general scheme and plan of a subdivision is present is [also] an important factor to consider in determining the purpose and intent of the restriction." *La Vielle v. Seay,* 412 S.W.2d 587, 592 (Ky. 1966). "The question of the existence of a general plan is one of fact, to be determined with reference to the particulars and conditions of the laying out and sale of the lots . . . ." *First Sec. Nat. Bank & Trust Co. of Lexington v. Peter*, 456 S.W.2d 46, 51-52 (Ky. 1970).

*Id.*

Moonbow Properties submitted evidence of a plat prepared prior to division of the parent tract. However, numerous questions of fact remain regarding the plat, including whether it was recorded; whether the plat was viewed by any purchasers of the lots; whether the lots were divided and sold as in the prepared plat; and whether the lots were intended to be subject to the same restrictive covenants. These questions of fact alone were enough to preclude summary judgment by the circuit court.[5]

---

[5] It appears from Moonbow Properties' deed of conveyance contained in the record before us that another parcel was conveyed to Everett and Ruth Powers in 1986. It is unknown if the Powers deed contained the same restrictive covenant as the Brummett deed or if the parcel was part of the plat prepared.

Finally, we must look to "whether the covenant must affect or concern the land with which it runs, and whether privity of estate exists between the party claiming the benefit and the party who rests under the burden." *Oliver v. Schultz*, 885 S.W.2d 699, 700 (Ky. 1994). A restriction "touches and concerns the land"

> by limiting its use and affecting its market value, and the requisite of privity of estate is met by the grantor-grantee relationship existing at the time of the creation of the restriction. 14 Am. Jur., Covenants, Etc., Sections 19 through 28. See Clark, 2nd Ed. (1948), Covenants And Interests Running With Land at page 94.

*Fishback v. Dozier*, 362 S.W.2d 490, 491 (Ky. 1962).

Here, the record before us establishes that a grantor-grantee relationship existed when the Patricks conveyed the tracts to the Brummetts and established the restrictive covenant, thus satisfying the privity of estate requirement. The restriction limits the type of structures that can be erected on the land, which also satisfies the requirement that the restriction touch and concern the land.

Because the record before us demonstrates that the restriction runs with the land, it is enforceable by other subsequent grantees. *Humana, Inc. v. Metts*, 571 S.W.2d 622, 625-26 (Ky. App. 1978). While we acknowledge that Moonbow Properties' deed did not contain the same restrictive covenant, that does not mean that it cannot seek to enforce it as subsequent deed holders of the parent tract. *Id.* at 626. Thus, Moonbow Properties has standing to pursue this litigation.

Accordingly, we vacate the order of the Whitley Circuit Court and remand for proceedings not inconsistent with this opinion.

ALL CONCUR.


BRIEF FOR APPELLANT:                    NO BRIEF FOR APPELLEE.

Scott M. Webster
London, Kentucky